## DAN O'HARA v. STATE.

No. A-4208.   Opinion Filed Sept. 17, 1923.
(218 Pac. 161.)

Appeal from Superior Court, Okmulgee County; H. R. Christopher, Judge.

Dan O'Hara was convicted of the unlawful conveyance of intoxicating liquor, and he appeals. Modified and affirmed.

L. A. Wallace, for plaintiff in error.

George F. Short, Atty. Gen., and N. W. Gore, Asst. Atty. Gen., for the State.

PER CURIAM. Appeal from the superior court of Okmulgee county. Conviction for the offense of unlawfully conveying intoxicating liquor with punishment assessed at a fine of $500 and term of six months' imprisonment in the county jail, the maximum penalty under the law. Judgment rendered November 22, 1921. Petition in error and case-made filed in this court February 14, 1922.

The information charged that plaintiff in error, Dan O'Hara, "on or about the 17th of September, 1921, did unlawfully, knowingly, willfully and wrongfully convey and transport certain spirituous liquors, to-wit, whisky, from a point unknown in Okmulgee county, state of Oklahoma, to another point

in Okmulgee county, state of Oklahoma, to-wit, to the dancing platform in Spelter City, Okmulgee county, Okla., in violation of the provisions of section 7002, Compiled Statutes 1921.'' The information was not attacked in the trial court. The only errors urged here are that the evidence is insufficient to sustain the conviction, and, second, that the punishment assessed is plainly excessive in that it is apparent that the jury was prejudiced against the defendant.

An examination of the record convinces this court that the evidence is sufficient. The facts and circumstances detailed by the state's witnesses, if believed by the jury, justified a finding of guilt.

There is nothing in the record to show that the defendant has ever before been convicted of the violation of the prohibitory liquor laws of this state, or for any other criminal offense. The conviction is based largely on circumstantial evidence. and, as heretofore stated, while we believe it sufficient to sustain the verdict, the assessment of the maximum penalty under the facts in this case apparently is not warranted. The penalty assessed is that usually inflicted upon confirmed violators of the prohibitory liquor law, or else where there are facts and circumstances in aggravation of the offense.

After careful examination of the record, we are of the opinion that the punishment inflicted is out of proportion with the crime proven (a first offense as far as the record discloses), and for that reason are of the opinion that the judgment should be modified to provide imprisonment in the county jail for a period of 30 days and a fine of $200.

The judgment is therefore modified to provide imprisonment in the county jail for a period of 30 days and a fine in the sum of $200; and as so modified, the judgment is affirmed.