## CHARLES TIPTON v. STATE.

No. A-4651.    Opinion Filed April 11, 1925.
(235 Pac. 259.)

(Syllabus.)

1. **Trial—Right of One Arraigned to Be Informed of Right to Counsel and to Preliminary Trial.** On the arraignment of a defendant, who appears without counsel before a magistrate on a charge of felony, it is the duty of the magistrate to fully inform the defendant of his right to counsel and of his right to a preliminary trial. Section 2484, Comp. St. 1921.

2. **Arraignment and Pleas—Plea of Guilty not to Be Accepted Until Accused Advised of Legal Rights and Consequences of Plea.** A plea of guilty should be entirely voluntary and should not be induced by fear, persuasion, promises, or ignorance, and should not be accepted until after the defendant has been fully advised by the court of his legal rights and the consequences of his plea.

3. **Same—Refusal to Permit Accused to Withdraw Plea of Guilty Held Abuse of Discretion.** Under the record in this case, it was an abuse of discretion to overrule the application of the defendant to withdraw his plea of guilty and to permit him to to enter a plea of not guilty.

Appeal from District Court, Oklahoma County; James I. Phelps, Judge.

Charles Tipton was convicted of assault with a dangerous weapon, and appeals. Reversed and remanded with instructions.

George W. Carry and E. T. Barbour, for plaintiff in error.

George F. Short, Atty. Gen., and John Barry, Asst. Atty. Gen., for the State.

EDWARDS, J. The plaintiff in error will be referred to as defendant, according to his position in the lower court.

The record discloses that the defendant was a negro of the age of 19 years at the time of the crime charged. On the 3d day of April, 1923, he became engaged in an altercation with one Holtzclaw, a street car conductor in Oklahoma City, and in such altercation cut Holtzclaw with a knife. He was charged with the offense of felonious assault with a deadly weapon. The offense occurred about 7 o'clock. The defendant was arrested about 7:30 and taken to the city jail, kept until about 9 o'clock, and taken to the office of the county attorney, and from there taken before a justice of the peace and again taken to the county attorney's

office, and from the county attorney's office before the district court, where he entered a plea of guilty and was sentenced to five years in the penitentiary at Granite. He was not represented by nor had consulted an attorney at this time. From the time of his arrest until his sentence was a matter of only an hour or two.

On the 5th day of April, the defendant filed his motion to vacate and set aside his plea of guilty and the judgment and sentence based thereon, and alleged that it was procured by force, threats, and intimidation; alleged that he was not guilty of the offense charged, and that the judgment and sentence was in violation of his statutory and constitutional rights.

Upon this application a hearing was had and evidence taken. The defendant testified substantially as set out above, and further that he was not asked if he wanted or had an attorney, and that nothing was said to him about a preliminary, and that the plea was entered because of threats, and that he desired a trial before a jury; that he was not guilty, but in the commission of the act complained of acted in self-defense. The justice of the peace testified that the defendant was arraigned before him and entered a plea of guilty, and that nothing was said about a preliminary, and no bond was fixed. The law requires that when a person charged with the commission of a felony is arrested he shall be taken before the magistrate who issued the warrant or some other magistrate in the county, and it is the duty of the magistrate to inform the person brought before him of the charge against him, of his right to the aid of counsel, and he is entitled to time to procure counsel, or his right to waive an examination, and unless an examination is waived the magistrate shall conduct a preliminary examination and, upon the conclusion of the examination, shall either hold

the accused for trial or shall discharge him, and if the offense charged is bailable shall fix the amount of bail.

In a case where an accused is under the age of 21 years, particular care should be taken by the county attorney, magistrate, and other officers to safeguard the rights of the accused and to see that no advantage is taken of his youth and inexperience. If it be conceded that a minor can waive his constitutional and statutory rights and enter his plea of guilty as was done in this case, the granting of permission to withdraw the plea of guilty would rest in the sound discretion of the trial court. Polk v. State, 26 Okla. Cr. 283, 224 P. 194; Jenkins v. State, 6 Okla. Cr. 516, 120 P. 298; Hart v. State, 29 Okla. Cr. 414, 233 P. 1095; Mullen et al. v. State, 28 Okla. Cr. 218, 230 P. 285.

But where, under such circumstances, a plea of guilty is entered, a defendant should be informed of his right to counsel at every stage of the proceedings—of his right to a preliminary and to make bond if the charge is bailable. There should be no unseemly haste. Trifling with the court by entering and withdrawing pleas is not to be tolerated; but, under the record above recited, we believe it was an abuse of discretion to deny the defendant's request to withdraw his plea of guilty. Without determining whether the proceedings up to the time of entering the plea of guilty in the district court constituted due process of law, we believe that such a state of facts is shown that makes it appear that the plea of guilty was entered hastily without proper safeguards, without deliberation, and ignorantly by the defendant; that the court should have permitted the same to have been withdrawn upon the application made, even after judgment.

The cause is therefore remanded, with instructions to the lower court to set aside the plea of guilty and

judgment entered thereon, and for the further proceedings not inconsistent with this opinion.

BESSEY, P. J., and DOYLE, J., concur.