## RAY TURNER v. STATE.

No. A-5362. Opinion Filed Jan. 30, 1926.
(242 Pac. 1053.)

Bristow & McFadyen, for plaintiff in error.

The Attorney General, for the State.

DOYLE, J. This appeal is from a judgment of conviction for the offense of discharging a firearm in a public place as defined by Penal Code (section 2025, C. S. 1921), and sentence of confinement in the county jail for 30 days and a fine of $250, and, in default of the payment of such fine, further confinement of one day for each dollar of such fine and the costs, taxed at $20, rendered upon a plea of guilty entered by appellant.

Counsel for appellant, on the second day after judgment, filed a motion to set aside the judgment and permit appellant to withdraw his plea of guilty and substitute a plea of not guilty instead, for the following reasons:

"That said defendant did not have the advice of counsel at the time he entered his plea of guilty, and was not informed that he was entitled to counsel; that when he entered his plea of guilty he was informed and be-

lieved that he would only receive a light punishment; that he is not guilty of willfully discharging a firearm in the place alleged, and if any such act was committed it was accidental on his part; that said penalty is excessive, the same being his first offense, and he having been heretofore fined in the city court at Apache for the same offense."

The testimony on the hearing showed that he conducted a cafe at Apache. He testified that he did not willfully fire off his pistol in the barber shop adjoining; that he pleaded guilty in the city court and paid a $10 fine and the costs; that the city marshal advised him if he would plead guilty to the state charge he would get a light punishment.

It appears that on the day the information was filed, the plea was entered, the judgment rendered, and commitment issued.

The action of the court in refusing to set aside the judgment and in refusing to permit appellant to withdraw his plea of guilty is assigned as error, and that said ruling was an abuse of the court's discretion, and that the court erred in not informing appellant of his right to have counsel and in not asking him if he desired the aid of counsel, and in not appointing a time for pronouncing judgment as required by law.

It is the settled rule in this state that the defendant in a criminal action should be permitted to withdraw his plea of guilty, given unadvisedly, either before or after judgment, where any reasonable ground is offered for going to the jury. Polk v. State, 26 Okla. Cr. 283, 224 P. 194.

The state attempts to safeguard the liberty of the citizen, and, as one of the steps in that direction, secures to them, if accused of crime, the services of counsel to conduct their defense.

The statute provides:

"If the defendant appear for arraignment, without counsel, he must be informed by the court that it is his right to have counsel before being arraigned, and must be asked if he desire the aid of counsel. If he desires, and is unable to employ counsel, the court must assign counsel to defend him." Section 2590, C. S. 1921.

And further provides:

"After a plea or verdict of guilty * * * the court must appoint a time for pronouncing judgment." Section 2759.

In view of the fact that the defendant paid a fine and costs in the city court, based on the same transaction, and in view of the fact that the defendant did not have the benefit of counsel, we are inclined to the opinion that the punishment imposed is excessive, and the sentence will be modified to confinement in the county jail for 30 days and to pay a fine of $50; and, as thus modified, the judgment of the lower court will be affirmed.

BESSEY, P. J., and EDWARDS, J., concur.