## ZACK MORGAN v. STATE.

No. A-5042. Opinion Filed Feb. 27, 1926.
(243 Pac. 993.)

L. A. Wallace, for plaintiff in error.

George F. Short, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

DOYLE, J. This appeal is from a judgment of conviction and sentence of imprisonment for a term of 6 months in the state penitentiary at McAlester, and to pay a fine of $1,000, rendered upon a plea of guilty entered by appellant, Zack Morgan, to an information charging him with the crime of driving a motor vehicle while in an intoxicated condition on the public highways of Okmulgee county.

The assignments of error relied upon for a reversal of the judgment are: That the court erred in denying appellant's motion for leave to withdraw his plea of guilty and substitute therefor a plea of not guilty, and that the court erred in overruling the motion for a new trial.

The transcript shows that, upon arraignment, appellant waived the reading of the information and entered a plea of not guilty, and the case was set for February 6, 1924; that on that day appellant withdrew his plea of not guilty and entered a plea of guilty. The court fixed February 20th as the time for judgment, at which time the judgment appealed from was rendered.

The minutes show that later, the court being advised that defendant is a minor, the place of imprisonment will be changed to the state reformatory at Granite. However the journal entry of the judgment filed February 27, 1924, recites:

"That said Zack Morgan be confined to the state

penitentiary at McAlester for the term of six months at hard labor, for said crime by him committed."

Counsel for defendant objected and excepted to the judgment, and immediately moved the court for leave to withdraw the plea of guilty and enter a plea of not guilty, and asked permission to offer evidence in reference to an agreement or undertsanding with the prosecuting attorney, to the effect that he would recommend a fine if defendant would plead guilty. The court told counsel to proceed.

Zack Morgan, defendant, testified that he entered his plea of guilty on the advice of his attorney, L. A. Wallace, that if he did so, the sentence would be a fine not to exceed $100; otherwise he would not have consented to withdraw his plea of not guilty.

L. A. Wallace testified as follows:

"I am the attorney representing Zack Morgan; when this case was set for trial the defendant was present with his witnesses. I advised him that I did not believe that he could be acquitted on a trial before a jury, and asked him to withdraw his plea of not guilty and enter a plea of guilty. At the same time I advised him that I had the matter up with Mr. Boatman, assistant county attorney, and had asked him if he would be willing to recommend a fine of $50 and costs; that Mr. Boatman said that he would not recommend a fine of $50, but would consider and recommend a fine of $100, and, having advised my client as to this agreement, he agreed to follow my advice as his attorney by withdrawing his plea of not guilty and entering his plea of guilty. I also took the matter up with Judge Swan, and told him the understanding or conversation had between Mr. Boatman and myself, and thereupon the court assured me whatever understanding I had with Mr. Boatman would be carried out by the court. As attorney for this defendant, in view of the facts stated, I believed in good faith, at the time I advised my client to withdraw his plea of not guilty and enter a plea of

guilty, that the fine would not exceed $100. I had also advised Mr. Boatman that W. L. Patton, the complaining witness in this case, was willing to recommend leniency to the boy on account of his youth and inexperience."

Opposing the motion, A. M. Boatman, assistant county attorney, testified: That Mr. Wallace, attorney for the defendant, said he was willing to plead the defendant guilty for a fine of $50. That he told him that he would not make any kind of agreement until the witnesses came in the day of the trial, and, if the case justified it, he would recommend it. That, after investigating the case, he told Mr. Wallace he would not agree. After that some one of the witnesses stated that the defendant or his father would be willing to pay a fine of $200. The case was ready for trial; Mr. Wallace again, offered to pay a fine of $50, and witness said: "You would pay a fine of $200, wouldn't you?" Mr. Wallace said, "No." Whereupon, in open court, witness announced the state was ready for trial, and thereupon the defendant, through Mr. Wallace, his attorney, withdrew his plea of not guilty and entered his plea of guilty. At the close of the hearing the court overruled defendant's motion to withdraw his plea of guilty. Exception reserved.

Among other grounds, the motion for a new trial contained the following:

"That the court abused its discretion in refusing and overruling the motion of defendant for permission to withdraw his plea of guilty and enter his plea of not guilty," and "that the punishment and fine imposed by the court was excessive."

On the same day the motion for new trial was overruled.

In a criminal action a defendant has the right to

plead guilty, and the effect of such a plea is to author-ize a judgment of conviction and imposition of punish-ment as prescribed by law. The plea should be freely and voluntarily made by one competent to know the consequences, and should not be induced by fear, persua-sion, promises, or ignorance. In a certain sense pleas of guilty in criminal proceedings have been discouraged by the courts. Polk v. State, 26 Okla. Cr. 283, 224 P. 194.

The general power of a court to reconsider its judgments and sentence, and reverse, vacate, or modify it at any time during the term at which it was ren-dered, or to increase or diminish the sentence which it has imposed, where the original sentence has not been executed or put in operation, is undeniable. This power is inherent in all courts of record. Bean v. State, 27 Okla. Cr. 228, 226 P. 115. It follows that it is with-in the discretion of the court to vacate a judgment of conviction, rendered on a plea of guilty, and to per-mit the plea to be withdrawn. Heath v. State, 23 Okla. Cr. 382, 214 P. 1091.

Generally speaking, an agreement whereby the prosecuting attorney promises the performance of cer-tain acts in consideration of entering a plea of guilty is of no effect as binding on the court in its disposition of the case; however, in Griffin v. State, 77 S. E. 1080, 12 Ga. App. 615, wherein it appeared that the agree-ment with the state's counsel had been made with the cognizance of the court, it was held that, while the court was not bound by the conditions, which were treated as mere surplusage, the defendant should have been permitted to withdraw his plea of guilty, which had been filed in reliance on the performance of the agreement.

In this case it appears that defendant relied upon

the advice of his attorney that, if he would plead guilty, the only punishment imposed would be a fine, and the prosecuting attorney as much as admits that he did consent to recommend a fine of $200, and the court, it appears, stated, in passing on the motion, that he had a conversation with defendant's attorney with reference to the punishment and stated to counsel:

"All right; you see Boatman, and whatever you and he agree to will be all right with me."

Our Code of Criminal Procedure provides that:

"The jury may, and shall upon the request of the defendant, assess and declare the punishment in their verdict within the limitations fixed by law:" Section 2750, C. S. 1921.

It appearing that the defendant was induced to waive this right and enter a plea of guilty, believing that the prosecuting attorney would recommend a fine only, and that the court had stated that he would be guided by such recommendation, we think that, under these circumstances, the defendant should have been permitted to withdraw his plea of guilty and substitute therefor a plea of not guilty.

For the reasons stated, we are of opinion that the overruling of the motion to vacate and set aside the judgment of conviction and grant a new trial was a manifest abuse of judicial discretion.

The judgment of the trial court is accordingly reversed and the cause remanded for proceedings consistent with this opinion.

BESSEY, P. J., and EDWARDS, J., concur.