## H. C. FROMCKE v. STATE.

No. A-5871.   Opinion Filed Aug. 12, 1927.
(258 Pac. 927.)

422

Ash and Jones, for plaintiff in error.

Edwin Dabney, Atty. Gen., for the State.

DOYLE, P. J. This appeal is from a judgment of conviction and sentence of imprisonment in the county jail for 45 days and a fine of $300, rendered upon a plea of guilty to a charge of unlawful possession of intoxicating liquor. The information was filed June 9, 1925, the same day upon arraignment appellant entered a plea of guilty. Thereupon the county judge informed appellant that he would take the matter of punishment to be imposed under advisement until the 1st day of August, and fixed the appearance bond in the sum of $1,000, requiring him to appear and be before the court on said day for judgment and sentence.

On the 27th day of July, appellant, having consulted counsel, filed his motion asking that he be permitted by the court to withdraw his plea of guilty and enter his plea of not guilty. On August 1st, appellant presented said motion to the court, together with his testimony and the testimony of J. G. Springer, county attorney, in support thereof. After hearing said motion, the court overruled the same and allowed exceptions, and thereupon pronounced judgment and sentence.

To reverse the conviction appellant assigns as error that the order of the court overruling the motion to set aside the judgment and grant a new trial was contrary to law, and was an abuse of the court's discretion.

Appellant's motion, duly verified, for leave to with-

draw his plea of guilty alleged that it was procured by threats and intimidation, and that he is not guilty of the crime charged; that he was never arrested before and was inexperienced in matters before a court; and that he was caused to enter said plea of guilty because of threats of federal officers.

Upon the hearing appellant's testimony shows that on June 9th he was arrested and brought before the court in custody of two deputy sheriffs and three federal prohibition officers, namely, Frank Klingleschmidt, J. P. Ellison, and D. A. Tucker; that while on the way to Cordell in custody of said officers, and while at the courthouse in their custody during the time said information was being prepared by the county attorney at the instance of said J. P. Ellison the complaining witness the said J. P. Ellison told appellant that if he did not plead guilty before the county judge to the charge of unlawful possession of whiskey that he would take him to Oklahoma City and file a complaint against him in the federal court, and that if they did he would be there placed in jail and held for a week or more before he could make bond, but if he would plead guilty before the county judge they would have the court postpone sentence, which would be much better for him; that he had never before been arrested, was ignorant of court procedure, was not represented by or did not have the aid of counsel and did not fully understand his legal rights; that not having friends at Oklahoma City, and fearing that it would be impossible for him to make an appearance bond in the federal court, and believing that if he was taken to Oklahoma City he would be confined in jail for an indefinite period of time, and that if confined he would be greatly damaged by being detained from harvesting a large wheat crop which was then nearly ready for harvest, he was thereby induced to and did plead guilty to the offense charged in said information.

J. G. Springer, county attorney, testified that he pre-

pared the information at the request of J. P. Ellison, who claimed to be a federal enforcement officer and said that if the defendant did not plead guilty he was going to take him to Oklahoma City, and further stated, "I am going to make him plead guilty or I will take him to Oklahoma City," and further stated that if the defendant entered a plea of guilty the sentence day would be postponed, and asked him if he had any objection, and he told him none whatever; that he was not present when the defendant was arraigned and entered his plea.

Our Code of Criminal Procedure provides as follows:

"The court may, at any time before judgment, upon a plea of guilty, permit it to be withdrawn, and a plea of not guilty substituted." Section 2621, C. S. 1921.

Construing this provision in Jenkins v. State, 6 Okla. Cr. 516, 120 P. 298, it is held:

"A motion in a misdemeanor case to withdraw a plea of guilty and to substitute therefor a plea of not guilty is addressed to the sound discretion of the court. Consequently its decision will not be disturbed, unless an abuse of discretion appears."

In Morgan v. State, 33 Okla. Cr. 277, 243 P. 993, it is held:

"A plea of guilty should be entirely voluntary, by one competent to know the consequences, and should not be induced by fear, persuasion, promise, or ignorance."

And see Tipton v. State, 30 Okla. Cr. 56, 235 P. 259, and Hart v. State, 9 Okla. Cr. 414, 233 P. 1095.

In Turner v. State, 33 Okla. Cr. 97, 242 P. 1053, it is held:

"The defendant in a criminal action should be permitted to withdraw his plea of guilty, given unadvisedly, either before or after judgment, where any reasonable ground is offered for going to the jury."

Upon the undisputed facts as shown by the record we are of the opinion that the overruling of the motion to vacate and set aside the opinion was a manifest abuse of judicial discretion.

The judgment of the lower court is accordingly reversed, and the cause remanded for proceedings consistent with this opinion.

DAVENPORT, J., concurs.

EDWARDS, J., absent, not participating.