HOMER SEWELL v. STATE.

No. A-7864. Opinion Filed Aug. 15, 1931.
(2 Pac. [2d] 286.)

J. B. Dudley, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

DAVENPORT, P. J. The plaintiff in error, hereinafter called the defendant, was jointly informed against

with Denton Sewell, charged with assault with a dangerous weapon with intent to do bodily harm, was tried separately, convicted, and sentenced to be imprisoned in the state penitentiary for two years. Motion for new trial was filed, considered, overruled, exceptions saved, and defendant appeals.

The testimony on behalf of the state shows that Dennis McKinney and Homer Sewell were brothers-in-law; prior to the 20th of February, 1929, there had been some difficulty between Homer Sewell and the prosecuting witness; on the date of the difficulty, the prosecuting witness McKinney was in the town of Blanchard, Okla.; shortly after he arrived in town he was going down the west side of the street and saw the defendant and his brother Denton Sewell coming up the east side of the street; shortly thereafter the prosecuting witness saw the brothers turn across the street and come toward him; when they reached the center of the street they trotted until Denton Sewell came up to the sidewalk and accosted the prosecuting witness; words passed between them and they engaged in a fight; the prosecuting witness was getting the best of the fight, and Denton hollowed to his brother, who rushed up and drew a pistol and struck McKinney over the head several times; in the fight, Denton Sewell got out a pistol and it dropped to the sidewalk; two shots were fired by one or the other of the Sewell boys; one shot glancing the back of the prosecuting witness and setting fire to his shirt or jacket; the defendant in this case continued to hit McKinney over the head with his pistol until they were separated.

The defendant offered testimony to show that on a previous occasion the prosecuting witness had knocked him down at a skating rink, and he had been informed

that the prosecuting witness said he was going to have trouble with him the first time he saw him. The defendant and his brother admit the morning they went to town each of them carried his pistol, and after they reached town the defendant bought some shells a short time before the difficulty.

Denton Sewell contends that during the fight he took knucks from the prosecuting witness; that he turned these over to his father after he was placed in jail. No one present at the difficulty, or the officer who arrested the defendant and his brother Denton Sewell, saw the knucks; evidence was offered tending to show the number of wounds on the prosecuting witness' head that had been inflicted by the defendant in this case and his brother. The prosecuting witness testified he had no weapon of any kind on his person but a small pocket knife, but was fighting Denton Sewell with his fists, and had him bent back over some hog wire fence on the sidewalk when he called to his brother to come to his assistance. This is, in substance, the testimony.

Several errors have been assigned by the defendant, but in his brief the defendant has practically abandoned all the errors excepting that the judgment and sentence of the court is excessive and should be modified; citing a number of authorities in support of the power of the court to modify the judgment.

Section 2820, C. O. S. 1921, provides:

"The appellate court may reverse, affirm or modify the judgment appealed from, and may, if necessary or proper, order a new trial."

This statute has been interpreted by this court many times. In Maddox v. State, 12 Okla. Cr. 462, 158 Pac. 883, 884, the court used the following language:

"When the record discloses that substantial justice requires it, this court may modify the judgment rendered by reducing the sentence imposed."

The question of reducing the sentence was considered by this court in the following cases: Peters v. State, 22 Okla. Cr. 245, 211 Pac. 427; O'Hara v. State, 24 Okla. Cr. 376, 218 Pac. 161; Turner v. State, 33 Okla. Cr. 97, 242 Pac. 1053.

The record in this case has been carefully studied with the view of ascertaining whether or not the facts would justify this court in reducing the sentence. The circumstances surrounding the difficulty, and the recklessness with which the pistol was used by the defendant, and the shots that were fired during the fight were such as to endanger not only the parties engaged in the difficulty, but others in the town when the shots were fired, as they went through the glass of a business house occupied by others. It was extremely fortunate that the prosecuting witness in this case, or some bystander, was not killed. Viewing the circumstances as favorable as possible to the defendant, we cannot reach a conclusion that the court would be justified in modifying the judgment rendered. The jurors are the sole and exclusive judges of the testimony, the credibility of the witnesses, and the weight they will give to the evidence. This court has repeatedly held that where there was any competent testimony to justify the jury in rendering its verdict it would not disturb the same. The testimony in this case in sufficient to sustain the judgment.

There being no sufficient reason for modifying the sentence, the judgment of the trial court is affirmed.

EDWARDS and CHAPPELL, JJ., concur.