## Ex parte RAY FOWLER.

No. A-8220.   Sept. 19, 1931.
(3 Pac. [2d] 247.)

Heber Finch, for petitioner.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

EDWARDS, J. This is an original proceeding in habeas corpus. Petitioner alleges he is unlawfully restrained by the warden of the state penitentiary at McAlester. That on May 7, 1929, he was sentenced on a plea of guilty in three criminal cases for felony, in each case to a term of two years, to run concurrently. That on May 18, before any commitments had been issued on the judgments or any part of them executed, defendant again appeared before the court and asked leave, and was by the court permitted to withdraw his pleas of guilty, and he then again entered a plea of guilty and was sentenced to a term of five years in each of said three cases. That no order was ever made setting aside the judgments and sentences of two years in the cases. That the court was without jurisdiction to pronounce a valid judgment and sentence of five years in said cases.

There is no controversy as to the facts. It appears from the pleadings, evidence, and stipulations that a judicial parole or order of suspension of sentence was allowed in said cases on May 18, which was revoked later by the trial judge. That on February 18, 1930, petitioner was delivered to the warden of the penitentiary on the second judgments of five years. He contends that with his allowance of good time he has fully served and discharged the two-year valid sentences first imposed.

The question is: Did the action of the court, in permitting defendant to withdraw his plea of guilty after judgment had been entered, amount to a setting aside of the judgments previously entered and give the court juris-

diction to enter the judgments of five years imposed on May 18? Section 2621, Comp. St. 1921, permits a withdrawal of a plea of guilty before judgment. The right to withdraw a plea of guilty is not limited to those cases in which the application is made before judgment, but it may be made after judgment. Turner v. State, 33 Okla. Cr. 97, 242 Pac. 1053; Howington v. State, 30 Okla. Cr. 243, 235 Pac. 931; Cook v. State, 45 Okla. Cr. 69, 281 Pac. 819. In cases where the application is made to withdraw the plea of guilty after judgment, it has been the prevailing practice that the application also apply to set aside the judgment entered. If, however, the application to withdraw the plea does not in terms also ask that the judgment based on the plea be set aside, does it not do so in fact? The judgments here are based on the pleas of guilty. If the pleas of guilty are withdrawn, there is nothing to support the judgments and the orders of the court permitting defendant to withdraw his pleas of guilty are tantamount to orders setting aside the judgments. For, when the pleas are withdrawn, the judgments fall. No case involving a state of facts similar to those here presented has been called to our attention, nor have we been able to find such a case. Somewhat analogous is the case of State v. Jackson, 221 Mo. 478, 120 S. W. 66, 68, 133 Am. St. Rep. 477, which was a case in which a defendant had been convicted and in due time had filed his motion for a new trial. While his motion was pending and undetermined, the court imposed sentence and entered judgment. The Supreme Court in disposing of this question said:

"* * * The defendant filed his motion within the statutory period after the return of the verdict, and before the rendition of judgment. Hence it follows, notwithstanding the court did not before sentence and judg-

ment overrule the motion for new trial, yet the court must be presumed to have full knowledge of its records and to know that the motion for new trial had been filed and was then pending. The only logical conclusion that can be reached is that the sentence and judgment rendered against the defendant during the pendency of the motion for new trial was in effect an overruling of such motion. This being the effect of the sentence and judgment pending the motion for new trial, and then subsequently formally overruling such motion, we are of the opinion that the defendant has a right to a full hearing upon the errors assigned in his motion for new trial. Manifestly there was no necessity for the defendant, when the court propounded the question to him as to whether he had anything to say why he should not be sentenced, to state that his motion for new trial alleged the grounds and reasons why he should not be sentenced, for presumptively the court must be held to have had knowledge of the fact that the motion for new trial had been filed and was pending, as well as the grounds alleged in it. We repeat that the rendering of the judgment against the defendant while the motion for new trial was pending was in effect a denial of such motion."

Applying the reasoning in that case to the case before us, the defendant knew at the time he asked to withdraw his first pleas of guilty that judgments had been pronounced. The court also knew this, and when he made the order allowing defendant to withdraw his former pleas for the purpose of again pleading, such order was in effect a setting aside of the former judgment, and when that was done the court had jurisdiction to again receive the pleas of defendant and to enter valid judgments on the pleas.

These judgments being valid, it follows that the writ must be denied.

DAVENPORT, P. J., and CHAPPELL, J., concur.