IRA MOOSE v. STATE.

No. A-8147.    Oct. 16, 1931.
(4 Pac. [2d] 694.)

Carter & Carter, S. H. Davis and W. A. Ratteree, for plaintiff in error.

J. Berry King, Atty. Gen., for the State.

EDWARDS, J. The plaintiff in error, hereinafter called defendant, was convicted in the county court of Okfuskee county of transporting liquor, and was sentenced to pay a fine of $250 and to serve 120 days in the county jail.

Upon arraignment of defendant on this charge, he entered a plea of guilty, and the judgment is on this plea. Sentence was deferred for a period of five days. Two days after sentence he filed a motion for a new trial and for leave to withdraw his plea of guilty. The only error assigned is that the court erred in denying this application. The motion, in substance, sets out that counsel for defendant before plea of guilty conferred with the county attorney and was led to believe that, if a plea of guilty was entered, defendant would receive a $50 fine and 30 days in jail. The affidavit of his counsel is that, when he conferred with the county attorney, he was informed the county attorney would make no recommendation, but the county judge probably would give him "thirty-fifty." He then informed the county judge, who in substance stated that what the county attorney recommended would be satisfactory. Defendant filed his affidavit that he was informed by his counsel that, if he pleaded guilty, the

county attorney would recommend the minimum punishment and that the plea was entered on this understanding. It is not claimed that defendant has any defense to the charge against him. The county attorney makes affidavit in substance that counsel for defendant asked what recommendation he would make in case of a plea of guilty; that he answered he would make no recommendation; that in case of a conviction it would be a fourth conviction; that he believed defendant should have the maximum punishment, but if the county judge did not go any stronger than in many other cases he would not get more than the minimum; that just before the plea was entered defendant and his father inquired further about the punishment, and he informed them he would make no recommendation. The court made no specific finding on the partially controverted question, but his overruling the application is a finding against defendant.

This court has had occasion many times to consider the question here presented. It has followed the liberal rule on the right of a defendant to withdraw his plea, particularly before judgment is rendered. Where it appears the plea is entered without the advice of counsel or through inadvertence, ignorance, or on any agreement or understanding that the punishment is to be mitigated, the trial court should be indulgent in permitting the plea to be withdrawn. Hart v. State, 29 Okla. Cr. 414, 233 Pac. 1095; Turner v. State, 33 Okla. Cr. 97, 242 Pac. 1053; Morgan v. State, 33 Okla. Cr. 277, 243 Pac. 993; Fromcke v. State, 37 Okla. Cr. 421, 258 Pac. 927; Cook v. State, 45 Okla. Cr. 69, 281 Pac. 819. In the instant case it does not appear there was any definite agreement between counsel for defendant and the county attorney as to the punishment. Nor does it appear that the county judge indicated any punishment further than his statement in sub-

stance that what was agreeable with the county attorney would be agreeable with him. Under these circumstances no abuse of discretion is made to appear.

The punishment appears severe, but, as the plea is guilty and the facts and circumstances of the offense are not before us, we cannot say that justice requires a modification.

The case is affirmed.

DAVENPORT, P. J., and CHAPPELL, J., concur.