## FRANK CERDAY v. STATE.

No. A-8157.    Nov. 6, 1931.
(4 Pac. [2d] 1079.)

Stevens & Cline, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

CHAPPELL, J.    Plaintiff in error, hereinafter called defendant, was convicted in the district court of Cotton county of the crime of a second and subsequent violation

of the prohibitory liquor laws, and his punishment fixed by the court at a fine of $50 and imprisonment in the state penitentiary for one year and six months.

The undisputed facts as they appear in the record are that on the 16th day of November, 1929, complaint was filed against the defendant in the county court of Cotton county attempting to charge a second and subsequent violation of the prohibitory liquor laws; that a preliminary hearing was had upon this complaint and defendant bound over to appear in the district court; that on the 7th day of February, 1930, information was filed in the district court of Cotton county, attempting to charge a second and subsequent violation of the prohibitory liquor laws; that thereafter defendant was duly brought to trial in the district court of Cotton county; that after the jury was impaneled and the first witness for the state called, defendant objected to the introduction of any evidence for the reason that the information failed to charge an offense against him under the laws of the state of Oklahoma; this motion and objection was overruled and, after trial, the jury returned a verdict of guilty; that defendant filed his motion for a new trial, which was by the court sustained upon the ground that the information failed to charge an offense; that the court made no order dismissing the case; that the county attorney filed an amended information; that when defendant was arraigned to answer to this amended information he declined to plead, and the court directed a plea of not guilty to be entered for him; that a jury was duly impaneled and the cause came on regularly for trial; that defendant filed no demurrer nor motion to quash upon any ground prior to the impaneling of the jury; that when the state called its first witness, defendant objected to the introduction of any evidence: First, because the amended information

was not ordered filed by the judge; and, second, that the information filed before the examining magistrate failed to charge an offense. In response to this objection, the court said: "If these matters had been raised before the jury was impaneled, I would have given them consideration, but they come too late now, since the jury has been impaneled."

This is a companion case to that of Frank Cerday v. State, No. 8158, 52 Okla. Cr. 255, 5 Pac. (2d) 169. The records are substantially the same, except that in No. 8158 the trial judge sustained an objection to the introduction of any evidence under the original information, without making an order to file an amended or new information. This court in that case held the objection to the introduction of any evidence to be equivalent to a demurrer, and reversed the case.

In the case at bar the court overruled defendant's objection to the introduction of any evidence and the case proceeded to trial with a verdict of guilty. Thereafter the court granted a new trial upon the ground that the information did not state facts sufficient to constitute a crime, and the county attorney then filed the amended information.

In Byxbee v. State, 41 Okla. Cr. 272, 272 Pac. 493, 495, this court had under consideration the question of the necessity for a formal order to permit the prosecutor to file an amended information after the first information had been held to be insufficient. In that case the regular county attorney became disqualified after the first trial, and the trial court made an order appointing a special attorney in the case, but made no order permitting him to file an amended information. In the body of the opinion this court said: "It is not necessary that any formal

language should be used in directing the county attorney as to the procedure that should be taken in the case," and overruled defendant's objections and affirmed the case.

To the same effect is Ex parte Fowler, 52 Okla. Cr. 132, 3 Pac. (2d) 247.

In the case at bar, the trial court arraigned the defendant on an amended information and when he refused to plead, directed the clerk to enter a plea of not guilty for him, and thereupon caused a jury to be impaneled and permitted the state to have its witnesses sworn and place one of them upon the witness stand. When the defendant objected that the amended information had been filed without leave of court, the court promptly overruled such objection and proceeded with the trial of the case to verdict, and thereafter overruled defendant's motion for a new trial upon such ground and pronounced sentence and judgment against the defendant.

The fact that the trial judge granted a new trial and made no order discharging the defendant clearly indicates intention on the part of the court that further proceedings should be had in the case, and was equivalent to a direction that a new information be filed. It is apparent, therefore, from the judge's own conduct that he never intended by his action in sustaining the motion for a new trial to put an end to the prosecution. He certainly did not consider his action to have that effect, or he would never have permitted this prosecution to proceed to final judgment.

Under the statutes of this state, if the court sustains a demurrer to the information without directing a new informaion to be filed therein, in specific language, or by conduct equivalent to such a direction, his action in sustaining the demurrer is an end to the litigation.

There is no such statute relative to the action of the court in granting a new trial on the same ground. In the absence of such a statute, the action of the court was equivalent to the granting of permission to file an amended information.

The burden is upon the defendant to show that the amendment to the information in felony cases is unauthorized. Unless it affirmatively appears from the record to the contrary, this court will presume that the proceedings were regular and the amendment such as was authorized by the trial court. Johnson v. State, 21 Okla. Cr. 17, 204 Pac. 311.

The trial court, therefore, did not err in overruling defendant's objection to the introduction of any evidence because of defendant's contention that the amended information was filed without leave of court.

For the reasons stated, the cause is affirmed.

DAVENPORT, P. J., and EDWARDS, J., concur.