## BEN F. NEVILLE v. STATE.

No. A-9820.   June 25, 1941.
(114 P. 2d 961.)

L. E. Roseboom, of Enid, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Jess L. Pullen, Asst. Atty. Gen., and Hugh Conway, Co. Atty., of Enid, for the State.

BAREFOOT, P. J.   Defendant was charged in the county court of Garfield county with the crime of assault and battery, entered a plea of guilty and was by the court assessed a fine of $100 and 30 days in jail, and has appealed.

The appeal in this case is by transcript. It reveals that an information was filed in the county court of Garfield county on the 19th day of January, 1940, charging the defendant with the crime of assault and battery upon the person of Catherine Edwards, "by then and there laying his hands upon the said Catherine Edwards in an indecent and lewd manner." On the same date, to wit,

the 19th day of January, 1940, defendant was taken before the county judge and entered a plea of guilty and was immediately sentenced to pay a fine of $100 and serve 30 days in the county jail. On the same date and a few hours after said plea of guilty had been entered, defendant employed an attorney and filed a motion asking the court to permit him to withdraw his plea of guilty entered therein and enter a plea of not guilty. This motion was as follows:

"Comes now Ben F. Neville, defendant in the foregoing case, and states that he wishes to withdraw his plea of 'guilty' in this case, heretofore entered, and asks the court to set aside the judgment and sentence heretofore entered on his plea of guilty and permit him thereafter to enter his plea of not guilty for the following reasons, to wit:

"First. That at the time he entered his plea of guilty, he was not represented by counsel and did not understand the nature of the crime and did not know that the offense of assault and battery carried with it a jail sentence.

"Second. That the defendant was surprised at the judgment and sentence of the court in that, to wit: the court assessed this defendant a fine of One Hundred Dollars ($100.00) and sentenced him to serve a term of thirty (30) days in the common jail of Garfield county.

"Third. That he is in fact not guilty of the charge of assault and battery and has a meritorious defense to said charge, and that he verily believes that, if granted leave to withdraw his plea of guilty and have the judgment and sentence heretofore filed set aside, that upon the trial of the issues in this case, he will be found not guilty.

"Fourth. That he was never arrested before in his life or convicted of any misdemeanor or crime and had had no previous experience in a criminal court and did not understand the seriousness of the charge; that he has been a railroader for more than 30 years and is at the

present time an engineer on the Rock Island Railroad with headquarters in El Reno, Okla., a married man, and bears a reputation for being a quiet, peaceable, law-abiding citizen in the community where he has resided at El Reno, Okla.

"Fifth. That Hon. Glenn Nixon, the Chief of Police of the City of Enid, advised this defendant to plead guilty to said charge, and advised this defendant to not employ counsel, and advised this defendant that the court would probably not fine him over Five or Ten Dollars and costs; and that he relied on said legal advice and believed the same which was voluntarily given him by the Hon. Glenn Nixon.

"Sixth. That he voluntarily gave a statement in writing to Hon. Glenn Nixon, Chief of Police of the City of Enid, Okla., which said statement was untrue and unfounded, but which statement the chief of police told him would help to clear the record in the matter that it could be handled immediately and without delay or embarrassment to this defendant, but that he was taken by surprise on the judgment and sentence of this honorable court; and that the statements and representations made by the chief of police as aforesaid have proven false and untrue; and that unless the judgment and sentence is set aside and this defendant permitted to withdraw his plea of guilty and enter a plea of not guilty, that he will suffer irreparable damage on account of languishing in the common jail of Garfield County for a period of thirty (30) days in that, to wit: He will probably lose his seniority on the Rock Island Railway, get fired permanently from the employ of said railroad and lose his good reputation and standing in the community at El Reno, Oklahoma where he has resided many years.

"Seventh. That he verily believes that if the court reopens his case and permits him to defend this action, that he will secure at the hands of a jury a verdict of not guilty.

"Eighth. That the court has jurisdiction to set aside said judgment and sentence and permit him to withdraw his plea of guilty and enter a plea of not guilty.

"Wherefore, defendant moves this honorable court to set aside the judgment and sentence heretofore entered against him and permit him to withdraw his plea of guilty and enter a plea of not guilty."

He also, on the 20th day of January, 1940, filed a demurrer, and also on the same date a motion to vacate and set aside the judgment and sentence, and on the same date, to wit, January 20, 1940, the court entered an order denying defendant the right to withdraw the plea of guilty and enter a plea of not guilty and also overruling the demurrer to the information, the motion to vacate the judgment and sentence, and the motion for a new trial, to all of which defendant excepted.

From the above orders and judgment defendant has appealed to this court setting forth the following assignments of error:

"1. The court erred in overruling a motion to withdraw plea of guilty of plaintiff in error, filed within a few hours and on the same day judgment and sentence was entered against him.

"2. The court erred in overruling plaintiff in error's demurrer to the information.

"3. The court erred in overruling plaintiff in error's motion to vacate judgment and sentence.

"4. The court erred in overruling plaintiff in error's motion for new trial.

"5. The judgment is contrary to law.

"6. The court erred in not advising the plaintiff in error of his constitutional rights to twenty-four hours' time to plead on arraignment, right to a trial of the issues, the right to be represented by counsel, and his legal right to appeal from the judgment and sentence of the court.

"7. The judgment and sentence is voidable on its face."

After a careful review of this record, we are of the opinion that it is only necessary to consider the first assignment of error, viz., that the court erred in refusing to set aside the plea of guilty entered by defendant and permitting him to enter a plea of not guilty. This question has been before this court on many occasions, both in felony and misdemeanor cases. There can be no question as to the law in this case. The only question is, Did the court abuse the discretion vested in him by denying the defendant the right to withdraw his plea of guilty and enter a plea of not guilty? Tipton v. State, 30 Okla. Cr. 56, 235 P. 259; Polk v. State, 26 Okla. Cr. 283, 224 P. 194; Morgan v. State, 33 Okla. Cr. 277, 243 P. 993; Hart v. State, 29 Okla. Cr. 414, 233 P. 1095; Mullen v. State, 28 Okla. Cr. 218, 230 P. 285; Fromcke v. State, 37 Okla. Cr. 421, 258 P. 927; Turner v. State, 33 Okla. Cr. 97, 242 P. 1053; Heath v. State, 23 Okla. Cr. 382, 214 P. 1091.

In the case of Tipton v. State, supra [30 Okla. Cr. 56, 235 P. 259], this court said:

"But where, under such circumstances, a plea of guilty is entered, a defendant should be informed of his right to counsel at every stage of the proceedings—of his right to a preliminary and to make bond if the charge is bailable. There should be no unseemly haste. Trifling with the court by entering and withdrawing pleas is not to be tolerated; but, under the record above recited, we believe it was an abuse of discretion to deny the defendant's request to withdraw his plea of guilty. Without determining whether the proceedings up to the time of entering the plea of guilty in the district court constituted due process of law, we believe that such a state of facts is shown that makes it appear that the plea of guilty was entered hastily without proper safeguards, without deliberation, and ignorantly by the defendant; that the court should have permitted the same to have

been withdrawn upon the application made even after judgment."

In the Heath Case, supra, the writer of this opinion recalls that the court permitted the withdrawal of the plea of guilty permitting a plea of not guilty to be entered under circumstances very similar to the case at bar.

The above cases express our feeling and conviction in the instant case. It is true that the defendant was a man of mature years, and that under the law he had the right to plead guilty, but it is also revealed that his arrest was in a county other than that of his residence and home. He had voluntarily appeared before the authorities and gave them information before he was even arrested. That he was an engineer for the Rock Island Railroad and had been for a long period of years. That he was a resident of El Reno, Canadian county, and was a married man and had a good reputation as a quiet, peaceable, law-abiding citizen. That he had never before been arrested and had never been convicted of any crime of any character. That he had not had any experience in criminal courts and did not understand the seriousness of the charge with which he was confronted. That he was advised by the chief of police, whom he named in his application, that if he entered a plea of guilty he would not be fined over $5 or $10 and costs, and that, relying upon this advice and without employing counsel to assist him, he entered a plea of guilty and was by the court fined in the sum of $100 and sentenced to serve 30 days in the county jail. A few hours after this sentence was rendered, he secured counsel and appealed to the court to set the judgment and sentence aside and permit him to withdraw his plea of guilty and enter a plea of not guilty. This, in our opinion, could have been done without injury to the state or the defendant.

There had been no unnecessary delay, and on the other hand there had been unusual haste. It was alleged in his motion that, if the judgment and sentence was permitted to stand, this defendant, who for many years had been an engineer on the Rock Island Railroad, would not only lose his good standing and reputation as a citizen of this state, but stood a chance of losing his valuable rights of seniority to which he was entitled as an engineer of a great railroad, and all this without an opportunity to present the facts in the case to a jury of his peers that they might pass upon the question of his guilt or innocence in accordance with the facts.

The charges in this case were the outgrowth of a fight between the defendant and prosecuting witness, who was hitch-hiking and had secured a ride with defendant. Defendant had immediately reported it to the police of the city of Enid. The prosecuting witness was apprehended and filed the charges against defendant. Certainly this was a case for the proper consideration of a jury under the facts above stated.

We are of the opinion that the court abused his discretion in refusing to permit the defendant the right to withdraw his plea of guilty and enter his plea of not guilty.

It is unnecessary to consider the other assignments of error, and for the reason above stated the judgment and sentence of the county court of Garfield county is reversed and remanded with instructions to take such further action as is deemed proper and advisable.

JONES, J., concurs. DOYLE, J., absent.