## HOLLADAY v. STATE.
### No. A–11934.

Criminal Court of Appeals of Oklahoma.
Jan. 6, 1954.

On Rehearing March 17, 1954.

W. L. Steger, Durant, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

BRETT, Judge.

The plaintiff in error Elzie Holladay, defendant below, was charged by information in the district court of Bryan county, Oklahoma, in case No. 4058 with the crime of second degree burglary, in that it was alleged he broke into a Ford automobile and stole an overcoat of the value of $58, 1 blanket of the value of $7.50 and 1 pair of kidskin gloves at a value of $5, said crime alleged to have been committed in the aforesaid county, on or about the 18th day of January 1952. The plaintiff in error

defendant below, was likewise charged in case No. 4059 in said county and state with the crime of second degree burglary, alleged to have been committed on January 18, 1952 in that he broke into a Buick automobile and stole 1 Buick automobile wheel, tire and tube of the value of $25, all of the said property being the property of others not the defendant which he did take with the intent to permanently appropriate the same to his own use and benefit and deprive the owners thereof. The case came on for arraignment on February 21, 1952. The defendant was represented by counsel W. L. Steger, in both said cases, 4058 and 4059. In case No. 4058 he entered his plea of guilty. In case No. 4059 he elected to stand trial, which trial was had on February 25, 1952. The jury was unable to agree in said case and a mistrial was declared. Thereafter the defendant, on February 28, 1952, represented by counsel W. L. Steger, withdrew his plea of not guilty in No. 4059 and entered a plea of guilty. Sentence was deferred until June 30, 1952 at which time the defendant did not appear. Thereafter the case was set for November 26, 1952 for sentencing and the defendant came not. The matter was again set for Tuesday March 3, 1953 for pronouncement of sentence. The defendant again absented himself. Whereupon a bench warrant was issued for the defendant at which time the defendant appeared by his counsel W. L. Steger and asked leave of the court to withdraw his plea of guilty and to stand trial in both of said cases. After a lengthy hearing upon the said motion the same was by the court overruled, and the defendant sentenced to a term of 3 years in the penitentiary in No. 4058, and 3 years in the penitentiary in case No. 4059 which said sentences were to run concurrently; judgment and sentence was entered accordingly, from which this appeal has been perfected.

It appears that this appeal was filed herein on August 18, 1953, and was set for oral argument for September 30, 1953, at which time no attorney appeared, and no briefs had been filed and the matter was submitted on the record. It further appears that no briefs have been filed since said submission of the case as of September 30, 1953. We have examined the informations in said cases and find them sufficient, as well as the proceedings had in relation thereto. The matter of whether the defendant would be granted leave to withdraw his pleas of guilty and enter pleas of not guilty and stand trial, in both cases, was a matter within the sound judicial discretion of the trial court, finding no abuse thereof, in the record, its action will be upheld. Sanders v. State, 72 Okl.Cr. 85, 113 P.2d 198; Neville v. State, 72 Okl.Cr. 240, 114 P.2d 961. The judgment and sentence is free of prejudicial or fundamental error therein. For all of said reasons the judgment and sentence herein imposed is accordingly affirmed.

POWELL, P. J., and JONES, J., concur.

On Petition for Rehearing

BRETT, Judge.

On petition for rehearing and oral argument the same is denied; but the court is of the opinion that the sentences herein imposed are probably excessive, and the same are accordingly reduced in Cases No. 4058 and 4059 from three years to eighteen months. Since the original judgments provided that the sentences would run concurrently said eighteen months' sentences will run concurrently. Harrison v. State, 54 Okl.Cr. 95, 14 P.2d 953; Jacobs v. State, 55 Okl.Cr. 28, 24 P.2d 295.

POWELL, P. J., and JONES, J., concur.