Don ASHLEY and Kenneth Ashley,
Plaintiffs in Error,

v.

The STATE of Oklahoma, Defendant in
Error.

No. A–12526.

Criminal Court of Appeals of Oklahoma.

Nov. 20, 1957.

Hugh J. Adams, Guthrie, for plaintiffs in error.

Mac Q. Williamson, Atty. Gen., Lewis A. Wallace, Asst. Atty. Gen., for defendant in error.

NIX, Judge.

Plaintiffs in error, Don Ashley and Kenneth Ashley, hereinafter referred to as defendants, were charged by information in the county court of Logan County with the crime of Gross Disturbance of the Public Peace. They entered a plea of guilty along with two co-defendants. The defendants herein were each sentenced to 90 days in the county jail and a fine of $200. The other co-defendants received a fine of $75. The record reflects that after the judgment and sentence had been rendered, the defendants acquired counsel and lodged a motion to withdraw their plea of guilty upon the grounds that they had not been advised of their constitutional rights, including a right to trial by jury, their right to counsel and further setting forth that they entered their plea of guilty under the impression and belief that they and their co-defendants would receive only a fine. That they had a proper defense to the action and should be permitted to withdraw their plea of guilty and enter ·a plea of not guilty.

The defendants further contend that neither had ever been arrested or convicted of a crime and were wholly ignorant of court procedure and would have asked for an attorney had they been advised of their rights. The record reflects that defendant Don Ashley is a minor of the age of 19 and Kenneth Ashley is of the age of 29. The transcript reveals that the entire proceedings were had in the absence of the duly elected county judge and county attorney. The county judge was on vacation and the trial judge was acting during the regular judge's absence. The duly elected county attorney was ill and a temporary county attorney had been appointed to serve during the regular county attorney's absence.

The information was filed on the 19th day of June, 1957. On the same day they were brought before the temporary trial judge, entered their plea of guilty and judgment and sentence was then and there imposed. The motion to withdraw their plea was filed as of June 25, 1957, after defendants had conferred with counsel. Evidence was presented on the same day in support thereof.

The testimony of these two defendants was in substance that they had never been arrested before. That they entered their plea without consulting with counsel, and under a misapprehension of the law in that they had the impression they were to receive a fine only. That said impression was formed as a result of conversation with the sheriff and county attorney.

The defendants further testified that the judge at no time advised them of their constitutional rights. Roy Kimminan, a co-defendant, substantiated this testimony. Robert L. Moffett, a brother-in-law of these two defendants, testified he talked with the sheriff over long distance and was advised the charge was not of a serious nature and that the boys would be taken before the justice of the peace and he figured the punishment would be a fine. The sheriff admitted he told Mr. Moffett and also a brother to the defendants that it was nothing of a serious nature, but denied he figured it would be a fine. The trial judge, after judgment and sentence, filed in said cause a statement of fact in which he stated, "They were then asked if they had an attorney and later if they wanted one; they were advised that they were entitled to 24 hours in which to plead and to have an attorney of their own choice to represent them throughout the proceedings and were entitled to a trial by jury. The said defendants said they were ready to enter their plea and at that time each separately plead guilty." This statement of fact was filed after the judgment and sentence had been imposed. These were not minutes of the court, but a statement of the trial judge evidently to refute the defendant's testimony. But, taking this to be true, we feel that justice would have been best served had the defendants been advised of the consequences of their plea. The testimony reveals that one of these defendants operated a service station, was married and the father of three children, and to serve three months in jail would cost him his job and deprive his family of his support. It is not likely that he would have entered a plea of guilty had he not been laboring under a misapprehension of the law, or had he been advised of the consequences of his plea. Many cases of this court are in line with a very recent decision by Judge Brett, Jackson v. State, Okl.Cr., 316 P.2d 213, 215, where the court said:

"A plea of guilty should be entirely voluntary, and should be made by one competent to know all the consequences thereof, and should not be accepted until after the defendant has been fully advised by the court of his rights and the consequences of his plea."

This court further said in Turner v. State, 33 Okl.Cr. 97, 242 P. 1053:

"A motion in a misdemeanor case to withdraw a plea of guilty and substitute therefor a plea of not guilty, either before or after judgment, is addressed to the sound discretion of the trial court." Also, see Cook v. State, 45 Okl.Cr. 69, 281 P. 819.

This court has held consistently that a defendant in a criminal case should be permitted to withdraw his plea of guilty given unadvisedly, before or after judgment, where any reasonable ground is offered in support of his motion.

This court said in Cannon v. State, Okl. Cr., 296 P.2d 202, 203:

"Where an application is made for leave to withdraw a plea of guilty and stand trial, the test in such case is whether there is reasonable ground to believe that the plea of guilty may have been entered as the result of inadvertence, ignorance, misunderstanding, misapprehension, or without deliberation as a result of unseemly haste; and where in light of the whole record, the pleadings, minutes, and the evidence at the hearing on the motion, it appears the plea may have been so entered, and it is apparent the application to withdraw the plea of guilty is in good faith and not for the purpose of delay and to defeat the ends of justice, to deny the application under such conditions will constitute an abuse of discretion."

In view of the testimony of Sheriff Grunden and Mr. Moffett, it is well to refer to this court's holding in Neville v. State, 72 Okl.Cr. 240, 114 P.2d 961, 962:

"Where one accused of assault and battery was advised by chief of police that if he entered a plea of guilty he would not be fined over $5 or $10 and costs, and accused, relying on that advice, did not employ counsel and entered a plea of guilty, and court imposed a fine of $100 and sentenced accused to serve 30 days in the county jail, and accused bore a good reputation and had never before been arrested, and was in danger of losing his position if judgment and sentence were permitted to stand, trial court abused its discretion in refusing to permit him to withdraw his plea of guilty and enter a plea of not guilty."

In view of the fact that the defendants had never before been arrested and

their obvious lack of familiarity with the court room and misapprehension of the law, the rapidity with which the proceedings were consummated, absence of legal consultation and the impression as to what the punishment would be, in the opinion of this court, constitutes reasonable grounds to permit defendants to withdraw their plea. This is especially so where inexperienced people, void of legal knowledge, are not advised of the consequences. We are of the opinion that the administration of justice would be better served if the defendants were permitted to withdraw their pleas and have a trial by a jury of their peers.

For the foregoing reasons, the judgment and sentence is hereby vacated, the case is remanded for a new trial in compliance herewith.

BRETT, P. J., and POWELL, J., concur.