## ARTHUR LOONEY v. STATE.

No. A-9004. Aug. 7, 1936.
(60 Pac. [2d] 214.)

Holmes H. Colbert, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Jess L. Pullen and Owen J. Watts, Asst. Attys. Gen., J. H. Casteel, Co. Atty., and Lynn Norman, for the State.

DAVENPORT, J. The plaintiff in error, hereinafter referred to as the defendant, was convicted of burglary in the second degree, and sentenced to imprisonment in

the state penitentiary for a term of five years. Motion for a new trial was filed, considered, and overruled, exceptions saved, and the case appealed to this court.

The state introduced Mrs. Ophelia Knapp to show that while she and her family were away from home her house and outbuildings were broken into, and honey, fruit juice, and several jars of fruit taken. She did not know who took it. The day previous to the entering of her home the defendant, who claims to have been an assistant game ranger, came to her house and visited with her, and discussed the question of robbers; leaving her home in the afternoon.

Buddy Massingill and J. R. Anderson each admitted they took part in the burglary, and said the defendant went with them and took part in the burglary. There is no evidence in the record that any of the property alleged to have been taken was found at the defendant's home or at any other place.

The defendant, testifying in his own behalf, denies he had anything to do with the taking of the stuff from Mrs. Knapp's place, and showed by witnesses he left Davis for Sulphur late in the afternoon prior to the burglary and spent the night in Sulphur at the home of a party who testified as a witness for the defendant, and who stated the defendant arrived at his house in the early evening and was there the next morning when he went to work.

After the defendant introduced his testimony, the state called Massingill and Anderson in rebuttal to deny certain statements made by the defendant and his witnesses. The foregoing is the substance of the testimony.

The defendant's first assignment of error is:

"Said court erred in overruling plaintiff in error's motion for a new trial."

The motion for a new trial contains all of the questions raised by the defendant, and among other things:

"That the court erred in overruling his demurrer to the state's evidence."

The state, in order to sustain its allegations, called only two witnesses, Buddy Massingill and J. R. Anderson, both of whom are confessed accomplices, who gave the only testimony shown by the record attempting to connect the defendant with the burglary. The owner of the property knew it had been taken but did not know by whom it had been taken. None of the property was found, and the defendant denies any connection whatever with the taking of the property or that he was present at the place where the property was taken, or had anything to do with it being taken, and showed by witnesses where he spent the night it was alleged the property was taken.

In every criminal prosecution it is necessary for the state to prove, first, the corpus delicti; and, second, that the crime charged was committed by the accused. Green v. State, 7 Okla. Cr. 194, 122 Pac. 1108; Marston v. State, 9 Okla. Cr. 275, 131 Pac. 716; Blakemore v. State, 39 Okla. Cr. 355, 265 Pac. 152.

Michie on Homicide, vol. 2, § 228, (3) p. 1121, in part is as follows:

"Neither the extrajudicial confession or admission of the defendant, nor the testimony of accomplices standing alone, without corroboration is sufficient proof of the corpus delicti." Anderson v. State, 34 Tex. Cr. R. 546, 31 S.W. 673, 53 Am. St. Rep. 722.

341

"Where the crime is denied by the defendant the burden is on the prosecution to prove he took part in the commission of the same beyond a reasonable doubt." State v. Teachey, 138 N. C. 587, 50 S. E. 232.

In this case the only effort made by the state to prove that the defendant took part in the commission of the burglary was by the accomplices, Buddy Massingill and J. R. Anderson.

We hold that, independent of the testimony of Massingill and Anderson, the confessed accomplices, there is no evidence, positive or circumstantial, of sufficient character to prove that the defendant in this case assisted in committing the burglary. Boggess v. State, 46 Okla. Cr. 283, 287 Pac. 764.

There is another reason why this case should be reversed. The information fails to state facts sufficient to charge the crime of burglary in the second degree. For the reasons stated herein, the case is reversed and remanded.

EDWARDS, P. J., and DOYLE, J., concur.