## HOWARD LANCASTER v. STATE.

No. A-10330.   Jan. 24, 1945.

(155 P. 2d 548.)

Wyatt, Wyatt & Edwards, of Shawnee, for plaintiff in error.

Randell S. Cobb, Atty. Gen., and Jess L. Pullen, Asst. Atty Gen., for defendant in error.

JONES, J.  The defendant, Howard Lancaster, was charged in the district court of Pottawatomie county with the crime of rape in the first degree; was tried, convicted, and sentenced to serve 35 years in the State Penitentiary, and has appealed.

It was the theory of the state that the defendant was guilty of having sexual intercourse with a 13-year-old girl who was employed to work at his home taking care of three small children while the defendant and his wife

were working. The particular offense relied upon by the state for conviction is alleged to have occurred during the noon hour on May 27, 1941. The prosecutrix gave birth to a child on December 31, 1941, allegedly as a result of the acts committed by the accused.

It is first contended that the testimony of the prosecutrix is so improbable and incredible as to require corroboration by other evidence as to the principal fact to sustain a conviction, citing the rule laid down by this court in a large number of cases including McDonald v. State, 61 Okla. Cr. 287, 67 P. 2d 806; Varner v. State, 69 Okla. Cr. 294, 102 P. 2d 615; Williams v. State, 61 Okla. Cr. 396, 68 P. 2d 530; Howard v. State, 79 Okla. Cr. 247, 153 P. 2d 831; De Witt v. State, 79 Okla. Cr. 136, 152 P. 2d 284.

We do not think from an examination of the record that the testimony of the prosecutrix herein is such as would be described as almost incredible or inherently improbable so as to come within the rule of law announced in the above cases. In addition, we find corroboration of much of the testimony related by prosecutrix, although there were no eyewitnesses to the principal act charged.

The prosecutrix testified that she commenced working after school hours and on week ends taking care of three minor children of defendant and his wife, the oldest of which was nine years old, during the month of March, 1941. The wife of defendant was a sister to the prosecutrix' stepmother. All of the parties concerned lived in the town of St. Louis. Prosecutrix stated that the defendant had sexual intercourse with her at various times after she commenced working at his home. That as quickly as the school ended on May 16, 1941. she started working daily at defendant's house, doing the housework and

taking care of the small children. She was unable to fix any definite date that the acts were committed by the defendant, except the date of May 27, 1941. which she fixed because it was the birthday of her half-sister. The prosecutrix stated that the defendant came home during the noon hour on that date and sent the small children outside the house and locked the door. That he took her into a bedroom and accomplished the act with her at that time. She described in detail just what was done. She stated afterward that her clothes were bloody and she washed them. That she did not tell anybody because she was afraid to tell, as she was scared of what the defendant might do to her. The prosecutrix further testified that she had never gone with any boy in her life and had never had sexual intercourse with any other person than the defendant. That the defendant and his wife separated on January 18th, and she quit working for them on that date and returned to her home. That her last menstrual period was on April 21st, and she finally told her father what had happened in July when it became apparent that she was in a pregnant condition. The prosecutrix stated that the defendant had sexual relations with her about four or five times.

Dr. Gallaher testified that he examined the prosecutrix at the request of the county attorney, on July 31, 1941, which was the date the complaint was filed against the defendant. That in his opinion, the prosecutrix was about two or two and one-half months pregnant at that time. That he gave her tests for both syphilis and gonorrhea and the tests were negative, which indicated that she had neither venereal disease.

The father and stepmother of the prosecutrix each testified that prosecutrix had started working for the de-

fendant after school hours and on week ends before school was out, and that she started staying at the defendant's house all of the time as quickly as school ended on May 16th. Each of them corroborated the statement of the prosecutrix that she had not had dates with boys and that she was never away from home after night.

The contention of the defendant that the testimony of the prosecutrix implicating the defendant is incredible is based chiefly on the testimony showing that the baby was born to prosecutrix 219 days after the act of May 27th was committed. The testimony of the doctor was that the normal period between the date of conception and the date of birth of a normal child is approximately 280 days from the last menstrual period, or 266 days from the date of contact.

The physician who attended the prosecutrix at the birth of her child stated that he considered the baby prematurely born, That in his opinion, the baby was born about eight months after conception.

The record discloses that the child was born 254 days from the date of the last menstrual period. which would place the birth just 26 days before the normal period of 280 days described by the doctor, which is sufficiently close so that contention of the defendant that testimony of prosecutrix is incredible cannot be sustained on that theory.

The defendant further contended that he has the syphilis and that, since both doctors testified that prosecutrix was not infected, it conclusively showed that he did not commit the acts related by the prosecutrix. In this connection, defendant testified that his wife gave him the syphilis in the latter part of 1940, and that he commenced taking treatments for said disease at that time.

To rebut this testimony of defendant, the state recalled one of the doctors who testified that a male who had been on steady treatment for syphilis for three months would no longer be considered infectious and could not transmit the disease by sexual intercourse. That the medical profession generally considered that a person would be out of the infectious stage of syphilis after three months' treatment. Under the testimony of the defendant, he had been treated for syphilis for about five months before the prosecutrix started staying at his house.

After a full consideration of the entire record, it is our conclusion that the testimony of the state and the defendant raised disputed issues of fact which were in the exclusive province of the jury to determine. That the testimony of the state was sufficient, if believed by the jury, to sustain the conviction.

It is next contended that the punishment assessed the defendant is excessive and so unusually severe and cruel that this court in the furtherance of justice should modify it to the minimum punishment of 15 years. Attached to the brief of defendant is a copy of a letter written by the county attorney in which he states that there was considerable tension developed at the trial and that the jury's fixing of the penalty of 35 years was a shock to him, as he thought it should have been fixed at 15 years or 20 years.

Regardless of how great a shock it was to the county attorney to see a jury give a grown man 35 years for raping a 13-year-old girl, by taking advantage of the fact that she was employed in his own home, we can find no mitigating circumstances that would impel us to say that in the furtherance of justice the punishment should be modified. We have just recently sustained a conviction for

37 years for attempted rape. Collins v. State, 59 Okla. Cr. 18, 55 P. 2d 790; Ex parte Collins, 76 Okla. Cr. 163, 135 P. 2d 61.

We feel that under the circumstances, if we should modify this judgment, we would be exercising the power of clemency instead of performing an act in the furtherance of justice.

The judgment and sentence of the district court of Pottawatomie county is affirmed.

BAREFOOT, P. J., concurs. DOYLE, J., not participating.