## HANCOCK v. STATE.

No. A-11203.   Oct. 5, 1949.

(210 P. 2d 372.)

70

Harold McArthur, Tulsa, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

BRETT, J.  The plaintiff in error, defendant below, William B. Hancock, was charged by information, tried by a jury, convicted of first degree rape, and sentenced to 35 years in the penitentiary in the district court of Tulsa county, Okla.  The information, in substance, alleged that on or about September 27, 1948, the defendant had sexual intercourse with Velma Maydine Hancock, a girl 13 years of age, his daughter, contrary to the provisions of Title 21 O. S. A. 1941 §§ 1111, 1113, 1114, 1115.  The record discloses that the defendant himself was 46 years of age.  It also shows that he had been having sexual intercourse with his daughter for two years prior to the time alleged in the information or since she was 11 years of age.

The defendant's first contention is directed at the proof of the age of Velma Maydine Hancock. He contends that she was probably over 14 years of age. This contention is predicated purely upon speculation. It is unsupported by any substantial evidence in the record. The girl's positive testimony was that she was 13 years of age, and would be 14 her next birthday on October 27, 1948. In Day v. State, 29 Okla. Cr. 49, 232 P. 122, it was held:

"Age may be proven by the testimony of the person whose age is in question, although knowledge of that fact is derived from statements of parents or from family reputation."

Moreover, a signed confession given by the defendant on September 30, 1948, and admitted in evidence without objection, corroborates the testimony of the prosecutrix in this regard. The confession in this connection reveals:

"Q. How old is she? A. She will be 14 in October. Q. Do you know her birthday? A. Yes, she was born on October 27, 1934. Q. Were you present at her birth? A. Yes."

The defense in an attempt to contradict the foregoing facts offered the testimony of Mrs. Velma Robison, sister of the defendant. Her testimony in relation to the birthday of Velma Maydine Hancock was so contradictory as to be of no weight whatsoever. After fixing the date of her birth at October 27, 1933, she admitted on cross-examination that she had no personal knowledge of the exact date upon which Velma was born, and she was testifying only from just hearsay, or from just what other people had told her. This contention is therefore wholly without merit.

Further, the defendant contends there was no proof of penetration. In this connection the record discloses

in relation as to how the defendant disposed himself on the occasion of the rape the following: "Q. He put it inside of you? A. Yes." At another place in the record she said "He just put it down in me." Moreover, it discloses that she indicated that her private parts was the place where he put it inside her. She further said sometimes there was some discharge on her legs. The record further discloses that the defendant contracted gonorrhea from his daughter, after she returned from a hitchhiking trip with her mother. The contraction of gonorrhea from his daughter was evidence of penetration. The defendant did not testify in his own behalf to deny his daughter's testimony, or the statements contained in his confession. Proof of penetration however slight is sufficient. Swearingen v. State, 31 Okla. Cr. 66, 237 P. 135. Proof of penetration herein was established beyond a reasonable doubt. Boydston v. State, 79 Okla. Cr. 172, 152 P. 2d 701. Furthermore, she said her father was the first man who ever had intercourse with her, and that this continued for approximately two years until her mother took her on the hitchhiking trip hereinbefore mentioned and she was compelled to submit to many other acts of intercourse with men on that expedition. It was on this trip that she apparently contracted gonorrhea, and gave it to her father after her return. The first time she ever had intercourse was with her father. The last time she had intercourse was with her father as alleged in the information. The defendant admitted in his confession that he had been having intercourse with his daughter since August 4 or 5, 1947, and that the last time he had had intercourse with her was about Wednesday or Thursday before he was arrested. The testimony of the prosecutrix in relation to having been violated is supported by the evidence of Dr. Harold Beddo, a duly licensed doctor and police physician in Tulsa, who testified that her

hymen was broken and the vagina admitted two fingers without discomfort. His conclusion was that the victim had had intercourse a number of times. This contention is obviously wholly without merit.

The discussion in the preceding paragraph constitutes a complete answer to the next contention of the defendant, that the evidence was insufficient to establish the corpus delicti. It is urged that it cannot be established by the defendant's confession standing alone. In the latter statement he is correct, Looney v. State, 59 Okla. Cr. 338, 60 P. 2d 214, but the rule does not apply here in light of the victim's testimony and Dr. Beddo's examination which supports the defendant's confession.

Finally, the defendant urges that when viewed in light of the court's prior decisions in similar cases, the penalty imposed is excessive, and urges us to invoke the provisions of Title 22 O.S.A. 1941 § 1066, wherein this court is authorized to modify judgment and sentences in furtherance of the ends of justice. In connection with this plea we have examined the case relied upon by the defendant, Thomas v. State, 69 Okla. Cr. 188, 101 P. 2d 283, as well as other cases of a similar nature wherein the court reduced the sentence: Sledge v. State, 40 Okla. Cr. 421, 269 P. 385; Ferguson v. State, 78 Okla. Cr. 126, 145 P. 2d 216. However, in Lancaster v. State, 79 Okla. Cr. 395, 155 P. 2d 548, where a 13 year old girl was raped while she was employed in the home of Lancaster, this court refused to modify a sentence of 35 years. We find no mitigating circumstances in the case at bar. In Shimley v. State, 87 Okla. Cr. 179, 196 P. 2d 526, this court said:

"The power of this court to modify judgment by reducing punishment in furtherance of justice, is not the power to commute by the Chief Executive, since judicial

power to modify a judgment, and executive power to pardon are distinct; one being an award of justice, another being an act of grace.

"Criminal Court of Appeals has the power to modify a judgment and reduce a sentence inflicted by the jury or trial court, but this power cannot be arbitrarily used and can only be exercised where it appears from the record that an injustice has been done in assessing the punishment upon the defendant."

In the light of all the circumstances herein, and after consideration of the adjudicated cases involving such situations, we are of the opinion that to modify this judgment, as was said in the Lancaster case, supra, we will be exercising the power of clemency instead of performing an act in furtherance of justice, and as was held in Shimley v. State, supra, would constitute purely an arbitrary exercise of power. The judgment of the district court of Tulsa county, Oklahoma, is accordingly affirmed.

JONES, P. J., and POWELL, J., concur.