SMITH v. STATE.

No. A-11062. Nov. 2, 1949.

(211 P. 2d 538.)

Amos T. Hall, Tulsa, and A. Carter, Okmulgee, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and L. A. Wallace, Asst. Atty. Gen., for defendant in error.

BRETT, J. The plaintiff in error, defendant below, George Smith, was charged, tried, convicted and sentenced to 7 years in the penitentiary in the district court of Okmulgee county, Okla., for the crime of maiming H. O. Crane.

The prosecution was brought under the provisions of Title 21, § 751, O.S.A. 1941, and the punishment as-

sessed under the provisions of Title 21, § 759, O.S.A. 1941, all as by law provided. This is the same charge with apparently the same result as was intended in the first trial, the results of which are reported in Smith v. State, 83 Okla. Cr. 392, 177 P. 2d 523.

Briefly, the facts are that on the 21st day of June, 1943, the victim, H. O. Crane, was on his way from Lincoln, Ark., to Okmulgee, Okla., via Greyhound bus, where he was to work in the construction of Glennon Hospital, a war-time government project. He boarded the bus and took the fourth seat from the back. The defendant, a negro, already on the bus, was seated back of him but in the portion in the bus reserved for white persons. The bus driver ordered the defendant to move to the back of the bus set apart for negroes, but he refused to do so. The defendant had just been discharged from the United States Army and was clothed in the uniform of a soldier. The bus driver called two members of the military police at the bus station who ordered the defendant to move, which he refused to do on the ground that he had been discharged and the matter was out of the military police jurisdiction. The military police left and an officer of the army came on board the bus and informed the defendant that as long as he was still in the uniform of a soldier he would have to submit to army orders. The defendant then moved back into the section of the bus reserved for negroes. Before the bus arrived in Okmulgee, Mr. Crane moved to the first seat in the front of the bus on the right-hand side nearest the door. When the bus arrived in Okmulgee at a stop on the east side of Okmulgee, which section of the city is largely inhabited by negroes, Mr. Crane was asleep. It was then the assault was made. The defendant, before leaving the bus, hit Mr. Crane with a whisky bottle across the face,

with such force as to inflict permanent injury and disfigurement to the extent that he was rendered totally blind in the right eye and suffered the loss of all but 20% of vision in the left eye.

The state's evidence tended to disclose that the assault was entirely unprovoked. The defendant's evidence was that when the disturbance first arose, Crane insulted the defendant and threatened to help the bus driver evict him from the bus. It further discloses that he said he was afraid and that as he went by the victim to leave the bus at Okmulgee, Crane made a movement as though to pull a weapon from his pocket, which so frightened him that he struck Crane in self-defense. As to the theory of the defendant's case, that the victim did make certain movements designed to put him in fear before the assault was made, his testimony stands unsupported.

On this record, the defendant advances only the contention that the punishment is too severe, and was the result of racial feeling. We have read the record carefully and find no support therein for this contention. To the contrary, the record discloses that the defendant was accorded a fair and impartial trial with a studied attempt to avoid any play being made designed to arouse racial feeling. Therefore, this contention is without merit.

Further, the defendant asks for modification by reduction of his sentence by reason of the contention that Mr. Crane precipitated the trouble by interfering in the situation between the bus driver and the defendant in tendering his services to evict the defendant from the bus. The great weight of the evidence does not support the defendant's position in this regard. The undisputed record clearly shows that, even if it were true, that Crane had insulted the defendant and tendered his services to

the bus driver in helping to evict the defendant from the bus, Crane had abandoned any such idea and was sound asleep when the assault was made. Under these conditions, we can reach but one conclusion, that the assault was premeditatedly and maliciously made.

The Criminal Court of Appeals has the power to modify a judgment by reduction of the sentence, but this power will be exercised only where it is apparent that an injustice has been done, Dooley v. State, 82 Okla. Cr. 243, 168 P. 2d 651; it cannot be arbitrarily exercised, Shimley v. State, 87 Okla. Cr. 179, 196 P. 2d 526. Therefore, because of the nature of the assault and the severity of the injury inflicted, we would not be justified in reducing the sentence, which with allowance for good behavior and other legal credits, could be served in 3 years, 8 months and 17 days,, while the victim will be compelled to endure practically total blindness the rest of his life with no hope of freedom from its dark chamber. For all of the above and foregoing reasons, the judgment and sentence is accordingly affirmed.

JONES, P. J., and POWELL, J., concur.