## JOHNSON v. STATE.

No. A-11800. Sept. 16, 1953.

Rehearing Denied Oct. 14, 1953.

(261 P. 2d 905.)

O. C. Lassiter, Tulsa, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and James P. Garrett, Asst. Atty. Gen., for defendant in error.

BRETT, J. The plaintiff in error, William Clayton Johnson, defendant below, was charged in the district court of Tulsa county, Oklahoma, with the crime of robbery with firearms allegedly committed in Tulsa on April 21, 1950. The information was filed on July 7, 1950. On October 9, 1950, the defendant entered his plea of guilty to said charge and the matter of judgment and sentence, on recommendation of the county attorney, was continued until January 10, 1951, and on said named date was continued until February 10, 1951, for pronouncement of judgment and sentence, and on said last date was further continued for said purpose to June 11, 1951, and thereon was continued to September 4, 1951. The matter of imposition of judgment and sentence then came on again on November 30, 1951, and was passed to December 18, 1951, at which time the matter came on for judgment and sentence. The defendant with the aid of counsel was asked if he knew of any reason why judgment and sentence should not be pronounced, and no such reason was made known by the defendant, whereupon judgment was entered finding the defendant guilty on his plea of guilty, and he was sentenced to 8 years in the State Penitentiary at McAlester, Oklahoma.

It does not appear that any motion for new trial was ever filed to the judgment and sentence, but upon the entry thereof notice of intent to appeal was given. On February 13, 1952 a 60-day extension in addition to the 60 days granted on December 18, 1951, was granted to perfect the appeal.

On February 23, 1952, an application to vacate said sentence was filed in the trial court, for the reason the sentence was excessive, unjust, and inequitable, and that the defendant was not able to serve the said sentence, and such incarceration for such period of time would likely prove fatal to the defendant, and requested a hearing thereon. On April 14, an additional extension of 30 days to perfect the appeal herein was granted from February 13, 1952.

On April 26, 1952, the application to vacate the judgment and sentence of December 18, 1951, was heard by deposition of Dr. V. W. Pryor. Dr. Pryor, a general

practitioner of Holdenville, Oklahoma, testified in substance that the defendant had sustained a gunshot wound. He first examined him on October 2, 1950, and found a bullet was embedded in the brain about an inch and a half from the back of the head on the right side, and there was a hole in the skull about an inch and a quarter in diameter, above and behind the right eye, weakness of the left leg, due to the brain injury, and complaint of severe headaches, either on mental or physical exertion. He testified he saw the defendant numerous times to November, 1951. The conditions he said had progressively improved. He related that a blow, severe stress, a fall or loud noise might prove fatal to the defendant. He did not believe the bullet should be removed. For the foregoing reasons he did not believe it was the practical thing for the defendant to be incarcerated in the penitentiary. He related that with limitations the defendant could carry on a normal life. He could carry on work like in a bakery, where he would not be around loud noises. At the conclusion of the hearing the trial judge overruled the motion with exceptions, and notice of intention to appeal was reaffirmed, and this proceeding brought herein, on June 16, 1952.

This appeal is from the order of the trial court overruling the application to vacate and set aside the judgment and sentence. This is not an appeal on the merits of the conviction. The details of the crime to which the plea of guilty was entered do not appear in the case-made. Neither does it appear that any motion for new trial on the merits was ever filed. Hence no errors of law which the trial court might have corrected were presented to it as a predicate for appeal; such failure is jurisdictional to an appeal. In Coffey v. State, 94 Okla. Cr. 327, 235 P. 2d 546, 547, 548, a conviction therein based on a plea of guilty and no motion for new trial with subsequent attempt to vacate the judgment and sentence from which ruling thereon the appeal was taken therein, it was said:

"Moreover the case-made discloses there was no motion for new trial filed at the proceedings on the plea of guilty, or permission granted by the trial court so to do within 30 days after judgment, and before entry of judgment and sentence as provided in Title 22, § 954, O.S.A. 1941. * * * The matter being called to the trial court's attention by motion to vacate the judgment and within the 6 months time allowed for perfecting an appeal, Title 22, § 1054, O.S.A. 1941, it was the duty of the court to inquire into the validity of its judgment, for such matter may be raised even at any time before the final completion of the judgment and sentence of the lower court. Ledgerwood v. State, 6 Okla. Cr. 105, 116 P. 202. And such questions may be raised in the trial court on motion to vacate the judgment if within the time for perfecting an appeal. But of course, in order to perfect appeals involving errors of law arising in the trial such errors must be incorporated in a motion for new trial and submitted to the trial court before judgment. Ledgerwood v. State, supra. The trial court having made inquiry in the case at bar and having overruled the motion to vacate the judgment, the sole question therefore is, does the record support the trial court's action or does it disclose an abuse of discretion. An application to vacate and set aside a judgment and to withdraw a plea of guilty after judgment of conviction thereon is addressed to the sound discretion of the trial court. Moose v. State, 52 Okla. Cr. 206, 4 P. 2d 694. Such power is inherent in all courts of record. Bean v. State, 28 Okla. Cr. 228, 226 P. 115."

It is thus apparent that the overruling of the application to vacate the judgment and sentence herein was a matter addressed to the trial court's sound judicial discretion. The record discloses the defendant was asked at the time judgment and sentence was passed if he knew of any reason why the judgment and sentence should not be pronounced, and none was given. Under such conditions, we cannot find an abuse of discretion. In Todd v. State, 82 Okla. Cr. 424, 172 P. 2d 345, 346, it was said:

"Criminal Court of Appeals will only consider those questions which are incorporated in the motion for a new trial and thereby submitted to the trial

court and its ruling thereon excepted to and afterward assigned for error unless the question is jurisdictional."

As was said in Coffey v. State, supra, "The case-made discloses there was no attack on the sufficiency of the information, that the trial court had jurisdiction" of the case, such as of the subject matter, of the person; and authority under the law to pronounce the judgment and sentence, under Title 21, § 801, O.S. 1951, providing punishment for robbery with firearms at not less than 5 years. Hence the jurisdiction in the case at bar was well grounded. It thus appears that the judgment and sentence is a valid judgment under the law and no motion for new trial having been filed and presented to the trial court questioning the same from a standpoint of error of law, we are wholly without jurisdiction to consider the same.

Under powers of modification, Title 22, § 1066, O.S. 1951, our powers of modification are limited to cases where it clearly appears the judgment and sentence imposed is excessive. Powell v. State, 94 Okla. Cr. 1, 229 P. 2d 230; Smith v. State, 90 Okla. Cr. 141, 211 P. 2d 538, wherein it was said:

"The Criminal Court of Appeals has the power to modify a judgment by reduction of the sentence but this power will be exercised only where it is apparent that an injustice has been done, it cannot be arbitrarily exercised."

There is nothing herein to indicate on the merits of the case the judgment is excessive. The question of the defendant's present physical inability to serve the sentence is not one of law, and is entirely collateral to the merits of the case. Nevertheless, the record shows this defendant could do light work free from loud noises, severe stress, and where he would not be subject to falling. We know such work under such conditions exists even in the penitentiary. To modify the judgment and sentence herein, under the record on the merits, would be to act arbitrarily, which we will not do.

In light of the foregoing, and in the final analysis, this is an attempt by appeal to accomplish what should rightfully be done by executive clemency if at all. Art. VI, § 10, Oklahoma Constitution, gives the Governor power on recommendation of the majority of the Pardon and Parole Board to grant commutations. We have no such power. In Hancock v. State, 90 Okla. Cr. 69, 210 P. 2d 372, we said:

"In Shimley v. State, 87 Okla. Cr. 179, 196 P. 2d 526, this court said:

" 'The power of this court to modify judgment by reducing punishment in furtherance of justice, is not the power to commute by the Chief Executive, since judicial power to modify a judgment, and executive power to pardon are distinct; one being an award of justice, another being an act of grace.

" 'Criminal Court of Appeals has the power to modify a judgment and reduce a sentence inflicted by the jury or trial court, but this power cannot be arbitrarily used and can only be exercised where it appears from the record that an injustice has been done in assessing the punishment upon the defendant.'

"In the light of all the circumstances herein, and after consideration of the adjudicated cases involving such situations, we are of the opinion that to modify this judgment, as was said in the Lancaster case, supra, we will be exercising the power of clemency instead of performing an act in furtherance of justice, and as was held in Shimley v. State, supra, would constitute purely an arbitrary exercise of power."

Finding no fundamental error in the record below, the judgment of the trial court is affirmed.

POWELL, P. J., and JONES, J., concur.