Joe Ticy PICKENS, Plaintiff in Error,

v.

STATE of Oklahoma, Defendant in Error.

No. A–13165.

Court of Criminal Appeals of Oklahoma.

June 6, 1962.

William W. Means, Tulsa, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

BUSSEY, Judge.

Plaintiff in Error, hereinafter referred to as defendant, was tried and convicted of the crime of Burglary in the Second Degree, After Former Conviction of a Felony, in the District Court of Tulsa County, Oklahoma, and thereafter, on the 9th day of October, 1961, he was sentenced to a term of fifteen years in the State Penitentiary at McAlester, Oklahoma.

The facts, briefly stated, are that the defendant was staying with a woman named Dorothy Mae Barbee, who resided at 639 East Lattimer Place in Tulsa, Oklahoma. On June 21, 1961, Officers James Wimberley and Ralph McIntosh of the Tulsa Police Department went to the said residence as a part of the investigation of an alleged burglary from the room of Mr. Q. T. Garrett at the McHunt Hotel during the night of June 3, 1961.

Upon arriving at the Barbee premises, the police officers were admitted to the residence by Willa Mae Barbee, sister of Mrs. Dorothy Mae Barbee.

The officers did not disclose the purpose of their visit until the defendant and Mrs. Dorothy Mae Barbee arrived some twenty to thirty minutes later. After Mrs. Barbee's arrival, the officers requested permission to search the premises. The record discloses that the officers received permission to search the premises, although there is a conflict in the testimony as to whether or not it was voluntarily given.

In searching the premises, the officers found certain articles of personal property belonging to Mr. Garrett. Whereupon they arrested the defendant and, thereafter, he was charged with the crime of which he was subsequently convicted.

For his first assignment of error, the defendant contends that the arresting officers did not have a search warrant; that they did not receive permission to search the premises without a warrant; and that he the defendant had the requisite standing to object to the search and seizure because he was "living" at the premises which were searched.

At a hearing on a motion to suppress the evidence, both the defendant and Mrs. Barbee testified that they had given the officers permission to search the premises but that such permission had been given only after the officers had threatened to obtain a search warrant and "tear up" the house.

On the trial of the cause, Officer Wimberley testified on cross-examination as follows:

"Q. (By Mr. Means, Public Defender) Did you have a search warrant with you at that time?

"A. No.

"Q. Did you ask the parties if you could search their house?

"A. Yes.

"Q. And what did they say?

"A. Go ahead.

\* \* \* \* \* \*

"Q. Officer Wimberley, did you not tell them you could get a search warrant?

"A. I did not.

"Q. You did not?

"A. No.

"Q. Did you not tell them that you would get a search warrant if they did not let you search the house?

"A. No, they permitted us to. There was no argument or hesitancy on their part.

"Q. You didn't threaten to tear up the house?

"A. There was no reluctance on their part for us to search.

"Q. Did the defendant ever make any protest to your search?

"A. No.

"Q. Did the girl in the house ever make any protest?

"A. No, sir."

Thus, there is testimony in the record that the arresting officers asked and received permission, freely given, to search the premises without a search warrant, and other testimony that such permission was given only after the officers made threats in regard to the search.

If permission had in fact been obtained without the use of threats or coercion to obtain it, then the question of whether or not the defendant had sufficient legal standing to object to a search without a warrant would have been immaterial, because the defendant would have waived objection to such search by his permission to search the premises. And the testimony of Officer Wimberley, that such permission had been freely obtained, if believed by the jury, would reasonably tend to support the findings of the trial court in overruling the motion to suppress.

■ We think that rule annunciated by this court in Woods v. State, Okl.Cr., 316 P.2d 628, is controlling in regard to the defendant's first assignment of error. In that case, the court, speaking through the Honorable Kirksey Nix, said:

"The question of suppressing evidence being a judicial one, this court will not reverse the trial court upon a question of fact where there is a conflict of evidence, and there is competent evidence reasonably tending to support the findings of the trial court."

Therefore, we believe that the defendant's first assignment of error is wholly without merit.

■ The defendant's second assignment of error that the court erred in allowing the introduction of the evidence obtained by the allegedly illegal search cannot be sustained for the reason that if the search was lawful, the evidence obtained therefrom could be introduced at the defendant's trial.

■ It was the province of the jury to determine whom to believe as to whether or not permission to search the premises without a warrant was freely given. In Brannon v. State, 94 Okl.Cr. 261, 234 P.2d 934, the court said:

"In criminal prosecution it is province of jury to determine whom of witnesses to believe, and whom to disbelieve, or whose testimony to disregard, and to declare by their verdict what is truth."

The jury apparently chose to believe the testimony of Officer Wimberley rather than that of the defendant or Mrs. Barbee. This being true, then the search of the premises, although made without a search warrant, was a lawful search, and it was not error for the trial court to allow the introduction of such evidence at the defendant's trial.

For the reasons above set forth, we believe that the defendant's second assignment of error is wholly without merit.

Defendant's third assignment of error is that the trial court erred in sending Instruction No. 5–A to the jury room for the reasons that the said instruction was captioned, "Defendant's Requested Instruction No. 5–A."

We observe that the defendant made no objection and took no exception to such instruction, and, further, that the defendant cites no authority for his contention that the court erred in sending the said instruction to the jury room.

■ We note at the ouset that the rule stated in Baxter v. State, Okl.Cr., 364 P.2d

 

705 could be applied in determining the defendant's third assignment of error adversely to the defendant. In that case, the Court said:

"Alleged error in giving of an instruction will not be considered on appeal, in absence of an exception saved to the giving of the instruction unless so erroneous as to mislead and confuse the jury as to the issue of the case, or is of such fundamental nature as to deny defendant due process."

However, we adopt the rule set out in Nuttle v. State, Okl.Cr., 303 P.2d 462, as the principle of law determinative of the defendant's third assignment of error. In the Nuttle case, the Court said:

"Propositions of error not supported by authority or seriously urged by appellant will not be considered by the Criminal Court of Appeals."

This rule was reiterated in Miller v. State, Okl.Cr., 321 P.2d 390, wherein the court stated:

"It is necessary for counsel for plaintiff in error not only to assert error, but to support his contentions by both argument and the citation of authorities. Where this is not done, and it is apparent that the defendant has been deprived of no fundamental rights, this court will not search the books for authorities to support the mere assertion that the trial court has erred."

We have carefully examined the instruction complained of in light of the entire record and we find that the alleged error in the instruction is not of such fundamental nature as to deny the defendant due process of law.

For the reasons above set forth, we hold that the defendant's third assignment of error is wholly without merit.

The court concludes, after a careful review of the record, the defendant was afforded a fair and impartial trial and that defendant's contentions are inadequate to constitute reversible error. Therefore, it is the judgment of this court that the judg-

ment and sentence of the District Court of Tulsa County in this cause should be, and the same is hereby,

Affirmed.

NIX, P. J., and BRETT, J., concur.