Gary Wendell FRYAR, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–13389.

Court of Criminal Appeals of Oklahoma.

Oct. 2, 1963.

Charley Crenshaw, Oklahoma City, for plaintiff in error.

Charles Nesbitt, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for defendant in error.

NIX, Judge.

Gary Wendell Fryar, hereinafter referred to as the defendant, was charged by Information in the District Court of Oklahoma County with the crime of Burglary Second Degree. He was tried before a jury, found guilty, and sentenced to three years in the Oklahoma State Penitentiary.

The defendant perfected his appeal in this Court in the time prescribed by law, asserting 7 assignment of error; however, only 2 are listed in defendant's Motion for New Trial. This Court has held numerous times that errors of law occurring in the trial of a criminal case, unless fundamental or jurisdictional, must be presented in the Motion for New Trial. (See, Johnson v. State, 97 Okl.Cr. 255, 261 P.2d 905.) We will, therefore, deal only with the matters presented therein. The facts, briefly, are as follows:

A merchant police officer, Carl Miller, testified that on October 5, 1962, about 1:30 A.M., he observed the defendant inside the Dairy Boy located 3908 Springlake Drive; he went inside, detained him until the police arrived. The cigarette machine had been broken into and approximately $7.00 in small change had been taken, which was found on the defendant.

The defendant and two friends testified that he had been drinking and fell asleep inside the building, waking up after it had closed.

The first contention that defendant did not have counsel at his preliminary hearing or arraignment will not be discussed at any length, as the record before the Court does not show what happened in the preliminary

proceedings, or arraignment. It does show that the defendant was represented by counsel at the trial and announced ready. Therefore, since the record is not properly before the Court, we are unable to consider it as error.

■■ The second contention is vague, but refers to "newly discovered evidence" and "error on the part of the court". This Court said in the case of Hutchinson v. State, Okl.Cr., 274 P.2d 74:

"Before a trial court would be justified in granting a new trial on the ground of newly discovered evidence, the accused must produce his witnesses and take their testimony at the hearing on the motion for a new trial or attach to his motion the affidavits of said witnesses showing the facts to which the alleged witnesses would testify. The fact that the motion for new trial is verified by the defendant is not a sufficient compliance with the statute." 22 O.S.1951 § 952.

And, further, that the Motion for new Trial is addressed to the sound discretion of the trial court.

■ Next, on the matter of "error on the part of the court", we would note that the petition in error assigns 7 more specific errors, and the brief of defendant argues 6, which correspond only briefly and vaguely. It is to be noted that in defendant's brief not *one* authority of law appears on which counsel bases his contentions of error. This Court held in the case of Miller v. State, Okl.Cr., 321 P.2d 390; and Pickens v. State, Okl.Cr., 372 P.2d 618, that:

"It is necessary for counsel for plaintiff in error not only to assert error, but to support his contentions by both argument and the citation of authorities. Where this is not done, and it is apparent that the defendant has been deprived of no fundamental rights, this court will not search the books for authorities to support the mere assertion that the trial court has erred."

After a careful examination of the record, the Court concludes that the defendant was afforded a fair and impartial trial and that defendant's contentions are inadequate to constitute reversible error. Therefore, the judgment and sentence of the trial court is hereby affirmed.

BUSSEY, P. J., and JOHNSON, J., concur.