Paul Donald CRABB, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A-14111.

Court of Criminal Appeals of Oklahoma.

March 29, 1967.

Greer & Greer, Tulsa, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for defendant in error.

BRETT, Judge:

Paul Donald Crabb was charged in the district court of Tulsa County with attempted burglary, second degree, after former convictions of felonies.

Preliminary hearing was held in the court of common pleas of Tulsa County on March 21, 1966, at which time the defendant appeared in person and by his counsel. Testimony was introduced, and the defendant bound over to the district court.

Information was filed in the district court on March 25, 1966, charging that the defendant attempted to break and enter a certain building, occupied by the Thunderbird Lounge, on March 14, 1966.

On March 30, 1966 defendant filed his motion to suppress the evidence, quash the information, and to dismiss the cause. Attached to his motion was a certified copy of the proceedings had at the preliminary hearing March 21, in the court of common pleas.

Defendant's motion was overruled on March 30, 1966, with exceptions allowed, and the defendant entered his plea of not guilty. The case was set for trial at the May jury docket.

When the case was called for trial on May 6, 1966, defendant, present in person and by his counsel, withdrew his previous plea of not guilty, and entered a plea of guilty to the charge.

The record before us contains a transcript of the proceedings on the plea of guilty, and shows that the trial judge fully advised the defendant, inquired if he was satisfied with his lawyer's representation; if his attorney had thoroughly advised him of his right to a trial by jury, and all of his rights incident to the trial, and upon his statement that he had been so advised, the court sentenced defendant to serve 18 months in the state penitentiary. Notice of intention to appeal and request for a transcript of the proceedings was filed on May 5, 1966, appeal bond was set, filed and approved. However, defendant did not file a motion for new trial, so far as shown by this record.

In his petition in error counsel sets out two assignments: "(1) Error of the court in overruling plaintiff in error's motion to suppress and dismiss which was timely made in the district court prior to the judgment and sentence. (2) The judgment and sentence of the court is excessive."

■■ When defendant entered his plea of guilty to the charge, he waived all objections to the legality of his arrest. Hoskins v. State, Okl.Cr., 286 P.2d 293; McGilvery v. State, 50 Okl.Cr. 376, 298 P. 312; Keeler v. State, 24 Okl.Cr. 206, 217 P. 228.

■■ Again, this Court is committed to the rule that where a motion for new trial is not filed, this Court is without jurisdiction to determine the issues involved. We have repeatedly held that this court will only consider those questions which are incorporated in the motion for new trial, and thereby submitted to the trial court for its ruling thereon, excepted to, and later assigned as error, unless the question is jurisdictional. Fitzgerald v. State, 97 Okl. Cr. 106, 259 P.2d 333; Jackson v. State, 86 Okl.Cr. 420, 193 P.2d 895; Todd v. State, 82 Okl.Cr. 424, 172 P.2d 345; Johnson v. State, 97 Okl.Cr. 255, 261 P.2d 905.

Petition in error with casemade attached was filed in this Court on November 2, 1966. Brief was due to be filed on or before December 2, 1966. No brief has been filed, and no application for additional time within which to file brief has been made. Therefore, the case was submitted under the rules of this Court (22 O.S.A. c. 18, Appendix) on December 30, 1966.

■ This Court has repeatedly held that when an appeal is filed in this Court, and no briefs are filed and no appearance made on behalf of the defendant, the Court will examine the record only for fundamental errors, and where none is found, the case will be affirmed. White v. State, Okl.Cr., 372 P.2d 236; Houston v. State, Okl.Cr., 422 P.2d 224, and cases cited.

Finding no fundamental error in the record, the judgment and sentence of the district court of Tulsa County is affirmed.

NIX, P. J., and BUSSEY, J., concur.