**Herbert Lee BALLARD, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. M–76–750.**

Court of Criminal Appeals of Oklahoma.

April 8, 1977.

Rehearing Denied April 26, 1977.

---

Sylvia Marks-Barnett, Oklahoma City, for appellant.

Larry Derryberry, Atty. Gen., Robert L. McDonald, Asst. Atty. Gen., Alan Foster, Legal Intern, for appellee.

## OPINION

BUSSEY, Presiding Judge.

Appellant, Herbert Lee Ballard, hereinafter referred to as defendant, was charged by Information in the District Court, Oklahoma County, Case No. CRM–76–852, with the misdemeanor offense of Carrying a Concealed Weapon, in violation of 21 O.S. 1971, § 1289.8. He was tried to a jury and upon a verdict of guilty, was sentenced to pay a fine of Two Hundred Fifty Dollars ($250.00) and serve sixty (60) days in the county jail. The trial court entered judgment and sentence according to the jury's verdict, and the defendant has filed this timely appeal.

We do not deem a discussion of the facts necessary since defendant's only assignment of error concerns an issue of law, not of fact.

In his single assignment of error, defendant alleges that the trial court erred in overruling his formal written Motion to Suppress the evidence; more specifically, that the court applied an erroneous test concerning the admissibility of State's Exhibit No. 1.

The record reflects that a formal hearing was held pursuant to defendant's Motion to Suppress, on the 9th day of April, 1976, some six weeks prior to jury trial. After hearing the testimony of five witnesses and the argument of counsel, the trial court entered the following Order:

". . . And the Court, having considered said testimony, having heard the argument of counsel, and being otherwise fully advised, finds as follows: That there is conflicting testimony in evidence as between the Defendant, Herbert Lee Ballard, and Josephine K. Crook, on the one hand, and the police officers, Paul D. Taylor and Carl Martin, on the other; that in ruling on a Motion to Suppress, the Court is concerned only with a determination of matters of law and not matters of fact; that the Court therefore makes no finding as to which witnesses are telling the truth, and which are not, but leaves that to be determined at the trial on the merits of the case; the Court therefore, for the purposes of this hearing, accepts the testimony of the police officers as true; that based upon the testimony of the police officers, the Court finds, as a matter of law, that the property moved to be suppressed was obtained

in a lawful manner, and without violation of the statutory or Constitutional rights of the Defendant, and that the Motion to Suppress should therefore be overruled. To all of which the Defendant objects, and is granted an exception. . . ."

For his argument, in this regard, the defendant complains of that language in the court's Order which defendant states is an erroneous statement of the law; particularly, where it appears that the court has said, ". . . that in ruling on a Motion to Suppress the court is concerned only with a determination of matters of law and not matters of fact; that the Court therefore makes no finding as to which witnesses are telling the truth, and which are not, . ."

While we must admit that the language is somewhat confusing, we cannot agree with the defendant's contention. At worst, this language is merely superfluous.

In support of his argument defendant cites many cases dealing with the requirement of the trial court to make determinations of preliminary questions of fact in the weighing of conflicting testimony when ruling on a Motion to Suppress. *Pickens v. State,* Okl.Cr., 372 P.2d 618 (1962).

In the instant case it appears that the trial judge who heard the Motion to Suppress was merely trying to state that he was not, at that time, weighing the evidence or deciding the facts pertaining to the merits. We note the trial court did state that for the purpose of resolving the Motion to Suppress, he chose to believe the testimony of the officers. It is implicit from the statement that the court accepted the testimony of the police officers as true, that the court necessarily considered the credibility and weight to be given their testimony for the purpose of ruling on the Motion to Suppress. A careful examination of the record made at the hearing on the Motion to Suppress reveals that there is competent evidence which supports the trial court's ruling on the Motion. In *Pickens v. State,* supra, we stated, in the first paragraph of the Syllabus:

"The question of suppressing evidence being a judicial one, this court will not reverse the trial court upon a question of fact where there is a conflict of evidence, and there is competent evidence reasonably tending to support the findings of the trial court."

Therefore, it is clear from the record submitted herein that the trial court heard evidence and argument in support of defendant's Motion to Suppress, after which he overruled said Motion. The Order which overruled said Motion makes it abundantly clear that conflicts of evidence relating to facts surrounding the search and seizure were resolved in favor of the prosecution. This resolution is supported by the record.

We note, with approval, that at the time of the jury trial the defendant, once again, timely objected to the introduction of State's Exhibit No. 1 and was allowed to re-urge his Motion to Suppress. Yet again, the trial court, a different judge, overruled defendant's objection and allowed the introduction of the exhibit.

Finding no error which would require the reversal or modification of this case, we deem the same should be and it hereby is, AFFIRMED.

BLISS, J., concurs.

BRETT, J., dissents.