WALTER HARDZOG v. STATE.

No. A-7786. Opinion Filed Dec. 6, 1930.
(293 Pac. 1107.)

A. M. Reinwand, for plaintiff in error.

The Attorney General, for the State.

CHAPPELL, J. The plaintiff in error, hereinafter called defendant, was arrested late in the afternoon of December 4, 1929, upon a charge of unlawful possession of a still, and upon arraignment before the county court of Comanche county, on December 5th, entered his plea of guilty, and immediately thereafter the following judgment and sentence was pronounced by the court:

"Now at this time, the 5th day of December, 1929, the same being a regular judicial day of the October, 1929 term of the county court of Comanche county, state of Oklahoma, the above named defendant appeared and is present before the bar of said court in person for arraign-

ment upon the charge contained in the information in said cause, to wit: Possession of still in violation of law.

"And thereupon said information was read to defendant and he was asked by the court whether he is guilty or not of the crime charged and thereupon the defendant, Walter Hardzog, says that he is guilty as charged in said information.

"And thereupon the defendant is asked whether he has any just cause to show why judgment and sentence for said crime be not pronounced against him, and the defendant failed to show any just cause, and it is therefore ordered, adjudged and decreed by the court for said crime he be and he is hereby adjudged to pay a fine of $50.00 and all costs of his prosecution, taxed at $20.80, and that he be further confined in the county jail of Comanche county, Oklahoma, at hard labor for a period of 30 days from and after this commitment thereto and for such other and further time as shall fully satisfy said fine and costs, in the event the said defendant shall fail to pay the same.

"John Manning, Judge County Court."

Thereafter, and on the 5th day of December, defendant filed his application to withdraw his plea and enter a plea of not guilty, which application reads as follows:

"Comes now the defendant, Walter Hardzog, and alleges and states as follows:

"1st. That when he was brought before this court this morning and asked the question as to whether he was guilty or not guilty he did not understand that he was answering guilty to any criminal charge but only as to whether he had the barrels and vat in his possession.

"2nd. This defendant further states that he has not been guilty of any offense against the laws of the state of Oklahoma. That he has not been engaged in violating the prohibitory laws of the United States nor of the state of Oklahoma; that he wishes to plead not guilty to the

charge upon which he was committed to jail under sentence of the court.

"3rd.    Defendant further states that he did not understand the import of the charge nor its serious nature and that he is not guilty of the offense charged and now demands trial on the same; that he had no attorney to advise him in this case; that he was arrested on December 4th at about five o'clock p. m. and brought to the Comanche county jail; that he was brought before the court the next morning, to wit, December 5, 1929, and at the same time without consulting an attorney or being advised of my rights, asked to plead to the charge.    Defendant further states that said plea of guilty was entered under a mistaken idea of what it was all about as far as this defendant was concerned.

"Wherefore, I this defendant, Walter Hardzog, respectfully ask and request this court that the plea above mentioned be set aside; that I may be permitted to enter a plea of not guilty in order that I may have a trial to determine my guilt or innocence.

"Walter Hardzog, Defendant.

"Subscribed and sworn to before me this 5th day of December, 1929.

"A. M. Reinwand, Notary Public."

On the same day the defendant filed his motion for a new trial, among other things, alleging: "That the court erred in not informing defendant of his right to have counsel before being arraigned, and in not asking him if he desired the aid of counsel as required by law."

The state offered no evidence and made no showing to controvert the claim of the defendant that he was not advised of his rights before he entered the plea of guilty.

In Sutton v. State, 35 Okla. Cr. 263, 250 Pac. 930, this court said:

"A plea of guilty should be entirely voluntary, and should be made by one competent to know the consequences thereof, and should not be accepted until after the defendant has been fully advised by the court of his rights and the consequences of his plea."

In Jenkins v. State, 6 Okla. Cr. 516, 120 Pac. 298, this court said:

"A motion in a misdemeanor case to withdraw a plea of guilty and to substitute therefor a plea of not guilty is addressed to the sound discretion of the court. Consequently its decision will not be disturbed, unless an abuse of discretion appears." Kemp v. State, 35 Okla. Cr. 128, 248 Pac. 1116.

It appears from the showing of the defendant that he was about 21 years of age; that he was arrested late in the evening, arraigned on the next morning, and, without knowing the consequences of his plea, without being advised by the court of his constitutional rights, and without being represented by counsel, unadvisedly entered his plea of guilty; and that on the same day he obtained counsel and filed his verified application for leave to withdraw his plea, which application was by the court denied, and thereafter the court overruled his motion for a new trial.

In Fromcke v. State, 37 Okla. Cr. 421, 258 Pac. 927, this court said:

"A defendant in a criminal action should be permitted to withdraw his plea of guilty, given unadvisedly, either before or after judgment, where any reasonable ground is offered for going to the jury."

In the case at bar the court should have permitted the defendant to withdraw his plea of guilty and substitute a plea of not guilty, and proceeded with the trial according to law.

For the reasons stated, the cause is reversed and remanded.

EDWARDS, P. J., and DAVENPORT, J., concur.