In re Habeas Corpus of Alfred Leroy ACREE, Petitioner,

v.

Ray H. PAGE, Warden, Oklahoma State Penitentiary, Respondent.

No. A–13596.

Court of Criminal Appeals of Oklahoma.

Nov. 25, 1964.

Alfred Leroy Acree, pro se.

Charles Nesbitt, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for respondent.

BUSSEY, Judge.

On the 22nd day of October, 1964, there was filed in this Court an application wherein the petitioner, Alfred Leroy Acree, seeks his release from confinement in the State Penitentiary at McAlester, Oklahoma wherein he is currently confined by virtue of judgments and sentences rendered against him in the District Court of Garfield County, Oklahoma, cases numbered 3198 and 3214. The former, No. 3198, was pronounced by the court on June 24, 1964 assessing petitioner's punishment at one year confinement at the State Penitentiary at McAlester, Oklahoma on his plea of guilty to the charge of Non-Support. (This judgment and sentence was suspended by the trial court but revoked on August 27, 1964 after hearing held on application of the county attorney of Garfield County to revoke the order suspending judgment and sentence.) The latter District Court Case No. 3214 is a judgment and sentence rendered against the petitioner on his plea of guilty to the charge of Non-Support of Children Under Fifteen Years of Age on August 27, 1964 assessing his punishment at two years imprisonment at the State Penitentiary at McAlester, Oklahoma.

Accompanying petitioner's application are copies of the judgments and sentences in District Court cases numbered 3198 and 3214.

In his application the petitioner asserts that he entered pleas of guilty in each of the cases under the coercion and duress of the county attorney, and petitioner further asserts that he was without funds to employ the assistance of counsel and was ignorant of the law.

Petitioner further asserts that his confinement and imprisonment under and by virtue of the judgment and sentence in District Court Case No. 3214 is null and void for the reason that by entering his plea of guilty and being sentenced in District Court Case No. 3198 he had been once placed in jeopardy for the crime of Non-Support of Minor Children Under the Age of Fifteen and that to sentence him on August 27, 1964 for the same offense twice placed the petitioner in jeopardy in violation of the petitioner's constitutional and statutory rights.

To this application the respondent, Ray H. Page, by and through the Attorney General, duly filed a response herein demurring to the sufficiency of petitioner's application for the reason that the petitioner does not incorporate, by affidavit or otherwise, the informations in District Court Cases Numbers 3198 and 3214 or by presenting any supporting proof that said petitioner was twice placed in jeopardy for the identical offense.

In support of this position the state relies on the authority of Alberty v. Page, Okl.Cr., 391 P.2d 823 and Wright v. State, Okl.Cr., 390 P.2d 921.

We are of the opinion that the respondent's demurrer to petitioner's application for habeas corpus should be sustained under the authorities cited above. In Alberty v. Page and appearing in the syllabus by the court we stated the rule repeatedly followed by this court that:

"Petitions for habeas corpus should have attached certified copy of information or indictment, as case may be, together with verdict and judgment, copy of the minutes of court, and should further be supported by affidavits from officials or others with personal knowledge of facts surrounding plea of guilty."

In the instant case there is nothing before the Court other than copies of the judgments and sentences and the unsupported allegations of petitioner.

"Where petition for habeas corpus is filed, the burden is upon the petitioner to prove grounds upon which he relies for his release, and the unsupported statements of a petitioner do not meet the requirements of the proof." Wright v. State, Okl.Cr., 390 P.2d 921.

Under the authority above set forth respondent's demurrer to the petitioner's application is sustained and the application is dismissed.

JOHNSON, P. J., and NIX, J., concur.