**Prentice F. DAY, Petitioner,**

**v.**

**Ray H. PAGE, Warden of the Oklahoma State Penitentiary, Respondent.**

**No. A-14273.**

Court of Criminal Appeals of Oklahoma.

Jan. 3, 1968.

McConnico & Harris, Tulsa, for petitioner.

G. T. Blankenship, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for respondent.

BRETT, Judge.

This is an original proceeding in habeas corpus in which petitioner is seeking his discharge from the state penitentiary.

Petitioner alleges that his rights were violated when he plead guilty to the charge of murder, and was sentenced to life imprisonment.

Petitioner was charged in Marshall County with the murder of one Roger C. Timm, by shooting him to death with a pistol, on or about February 14, 1956. Petitioner was returned from New York City by the authorities to face the charge on April 12, 1956. On April 13 he was taken before the county judge, who was sitting as magistrate. The county judge appointed Mr. Thomas E. Shaw to serve as petitioner's attorney. Mr. Shaw requested, and was granted, a twenty-four hour delay before entering a plea. That evening Mr. Shaw counseled with the petitioner, and the following day insisted that he enter a plea of not guilty, and not guilty by reason of insanity.

The records of the county judge reflect that petitioner's constitutional rights were explained to him by the court, and that petitioner waived his preliminary hearing, and was bound over to stand trial in the district court.

On April 17, 1956 the county attorney filed an information in the district court charging petitioner with the crime of murder; and on the following day petitioner was taken before the district judge for arraignment. At his arraignment petitioner entered a plea of guilty, and was thereafter sentenced to serve life in the state penitentiary.

The petition was filed in this Court on April 13, 1967. Petitioner requested that he be granted a hearing before this Court, and thereafter that he be discharged from further imprisonment. The Attorney General filed a response to the petition, and recommended that petitioner be granted an evidentiary hearing into the allegations of his petition. On May 11, 1967 a hearing was held in this Court and petitioner was granted an evidentiary hearing, to be conducted by the district court of Marshall County.

Petitioner alleges that his constitutional rights were violated, when judgment and sentence was passed on April 18, 1956, when he was sentenced to life imprisonment. He states: that his court-appointed counsel was not present with him when he entered the plea of guilty and was sentenced;—that he was not provided competent counsel, who failed to protect his rights, when he waived the preliminary hearing;—that he had a good and valid defense, but was unable to present such because of his "lack of education and by reason of the fact that I was deprived of my right to counsel";—that his plea of guilty was involuntary;—and, that he was not advised of his right to counsel *"of his own selection* and of his right to have said counsel perform effectively in the protection of his constitutional rights."

On May 19, 1967 an evidentiary hearing was conducted by the District Court of Marshall County, and the complete record of that hearing was transmitted to this Court on August 24, 1967. Petitioner was present at that hearing, and was represented by Mr. Warren L. McConnico of Tulsa, Oklahoma. Mr. Hugh H. Collum, assistant attorney general for the State of Oklahoma represented the respondent herein.

Petitioner testified in his own behalf in an effort to sustain the allegations of his petition. The State offered the testimony of Mr. Thomas E. Shaw, petitioner's court-appointed attorney, and Mr. W. J. Monroe, who was district judge in 1956, and who passed judgment and sentence on the petitioner. The State also introduced into evidence a copy of certain notes made by Mr. Shaw, prior to the trial; and a copy of the statement he read to the court prior to the passing of judgment and sentence.

Petitioner testified that Mr. Shaw was appointed to represent him in his trial, by

the county judge; that he did enter a plea of not guilty, and not guilty by reason of insanity, before the county judge, as the records reflect. He stated further, that his counsel did not consult with him; that he knew nothing about waiving the preliminary hearing; and that his attorney was not with him when judgment and sentence was passed, all of which he alleges in his petition. He stated that he was twenty years old at the time of the crime, and that he had received a seventh grade education.

Petitioner stated further, that he had been in the military service for a short period of time. In response to his counsel's question, concerning the time he had spent under treatment of mental illness, he said: "I was at Terrell, Texas, approximately three months; once in San Antonio, Texas, for three months, and just before I was discharged from the Army, I spent approximately three or four months then." No other evidence of his purported mental illness was offered, other than petitioner's own statements.

In contrast to petitioner's testimony, his court-appointed counsel testified that he was appointed by the county judge; that he insisted on the twenty-four hour delay in entering a plea before the magistrate; that he did counsel with the petitioner that evening, and at that time he explained to petitioner his constitutional rights, including his right to preliminary hearing; his right to a jury trial and a trial as to his defense of insanity at the time of the offense, as well as the need for additional time to conduct some investigation. The following day Mr. Shaw insisted that petitioner enter the plea of not guilty, and not guilty by reason of insanity.

Mr. Shaw testified further that when he appeared before the county judge the following day, the judge again explained petitioner's rights to him, as he had previously done. He stated further that the petitioner insisted that he wanted to enter a plea of guilty; that he did not want to have a preliminary hearing, and that he would not enter a plea of insanity and stand trial on that defense, but that he just wanted to plead guilty. Mr. Shaw stated also that he was aware of the ninety-day commitment provisions of the law, to inquire into defendant's condition of mental state, but because petitioner insisted he would not enter a plea of insanity, counsel did not make application for such commitment.

Mr. Shaw testified that he counselled with petitioner again prior to his arraignment in the district court, and was preparing himself to go to trial, but when petitioner appeared before the district judge, petitioner entered his plea of guilty. He stated that he was present when judgment and sentence was passed, and that he read a statement to the judge, asking for leniency because of petitioner's earlier purported condition of mental illness. A copy of that statement was introduced into evidence.

On cross-examination Mr. Shaw admitted that he did not talk to any of the listed witnesses, because of petitioner's insistence that he wanted to enter a plea of guilty. He also stated that the preliminary hearing was waived at petitioner's insistence.

Mr. W. J. Monroe, the district judge at the time of the trial, testified to what he could recall. He specifically recalled making considerable inquiry into petitioner's background, to assure himself that petitioner understood the meaning of his plea of guilty, and that he was sufficiently competent to waive his right to a jury trial. He testified further that he did recall the fact that Mr. Shaw was present at the time of sentencing, and that he did make a statement to the court prior to the passing of judgment and sentence.

We have examined the appearance docket of the district court, and find that it fails to reflect that either the defense counsel or the prosecuting attorney was present at the time. We also observe that the judgment and sentence is silent as to defense counsel being present, but we have the foreknowledge that the printed

forms used in 1956 did not include the specific reference to counsel being present. However, since statehood, the statutes of this State have provided, and this Court has consistently held, that court-appointed counsel must be provided an indigent defendant in all felony trials. The Honorable W. J. Monroe was an experienced district judge, and was well aware of that requirement of the law. That knowledge considered with the testimony offered at the hearing is sufficient to satisfy this Court that petitioner's allegations that counsel was not present is without merit.

It has long been the rule in this State that the burden of proving the allegations contained in a petition for writ of habeas corpus rests on the petitioner. This Court recited in Acree v. Page, Okl. Cr., 396 P.2d 1021:

> "Where petition for habeas corpus is filed, the burden is upon the petitioner to prove grounds upon which he relies for his release, and the unsupported statements of a petitioner do not meet the requirements of the proof."

See also Grubbs v. State, Okl.Cr., 397 P. 2d 522; Tuggle v. Page, Okl.Cr., 427 P.2d 439; Smith v. State, Okl.Cr., 429 P.2d 533.

From the testimony contained in the record of the hearing, we cannot in good conscience accept the unsupported testimony of the petitioner, in face of the testimony and evidence offered on behalf of the respondent, as being sufficient to sustain the allegations of his petition, and to warrant his discharge from the penitentiary.

Petitioner's present counsel strongly contests the action of petitioner's court-appointed counsel in permitting the preliminary hearing to be waived, under the circumstances at the time. However, we question the authority of one's attorney to demand that his client accede to his advice in the course of a trial, notwithstanding the fact that such advice is given in the interest of the preservation of certain rights. In the face of the client's insistence on entering a plea of guilty, counsel can do little more than advise him of the consequences.

A defendant's plea of guilty must be entered by the defendant himself, after which the court's duty is to further explain defendant's constitutional rights to him, and to determine if the defendant knows the consequences of his plea, and if he is competent to enter such plea. In the instant case the judge who passed sentence testified that he did make such inquiry in order to assure that petitioner was competent to enter the plea, and that he understood the consequences of his plea.

> "A defendant has a right to enter a plea of guilty and waive, not only statutory rights, but certain constitutional rights." Williams v. State, 89 Okl.Cr. 95, 205 P.2d 524.

This Court has heretofore stated:

> "Where defendant is arraigned on an information or indictment and pleads guilty to the merits, he waives the right thereafter to question in a habeas corpus proceeding any irregularity in the preliminary hearing if one was held." Ex parte Hall, 91 Okl.Cr. 11, 215 P.2d 587.

Likewise, in the absence of some specific reason for the defense counsel to believe his client to be insane, discretion would direct that any commitment for sanity observation should, no doubt, be with defendant's acquiescence; otherwise counsel may jeopardize his own position. In the instant case, the court-appointed attorney testified that the petitioner refused to consider the defense of insanity; but instead insisted on entering his plea of guilty. And, that the only reason he might have had, and did, offer—concerning petitioner's purported mental illness—was based on petitioner's own statements. Other than petitioner's own statements, no proof whatsoever has been offered to support those claims. None was offered at the evidentiary hearing.

Mr. Thomas E. Shaw has long been a member of the Oklahoma Bar, and his reputation both as an attorney and as a citizen

is outstanding. Consequently, we have been provided no reason, nor proof, which would justify the members of this Court in accepting the petitioner's testimony in preference to that of Mr. Shaw, as well as that of the former district judge.

After considering the record of the evidentiary hearing, we are of the opinion that the petitioner has failed to sustain the allegations contained in his petition. We would state also, that petitioner is mistaken when he states that he was entitled to have court-appointed counsel "of his own choosing". It would appear also that notwithstanding his seventh-grade education, he had sufficient experience to understand what he was doing.

Petitioner cites Ellis v. United States, 356 U.S. 674, 78 S.Ct. 974, 2 L.Ed. 2d 1060, as his authority that the court-appointed counsel must perform the role of advocate and not that of amicus curiae. We agree with what was said in that case. However, for court-appointed attorney to serve as an advocate, it presupposes that the defendant will cooperate with his attorney. In the instant case, the attorney testified that petitioner resisted all his moves to properly defend petitioner at a jury trial. We do not consider Edwards v. United States, 78 U.S.App.D.C. 226, 139 F.2d 365 to be applicable to the case at bar.

We are, therefore, of the opinion, after careful consideration of the record of the evidentiary hearing, conducted by the district court of Marshall County, that petitioner has failed to sustain the allegations of his petition.

The writ of habeas corpus is denied.

NIX, P. J., and BUSSEY, J., concur.