Matthew D. DUKES, Petitioner,

v.

Ray H. PAGE, Warden, Oklahoma State Penitentiary, and the District Court of Oklahoma County, State of Oklahoma, Respondents.

No. A–14941.

Court of Criminal Appeals of Oklahoma.

July 30, 1969.

**838**

Leo Thompson, Oklahoma City, for petitioner.

G. T. Blankenship, Atty. Gen., Curtis Harris, Dist. Atty., D. K. Cunningham, Asst. Dist. Atty., Oklahoma County, for respondent.

PER CURIAM:

This is an original proceeding in which Matthew D. Dukes has petitioned this Court for a writ of habeas corpus or post-conviction appeal attacking the legality of his imprisonment in the State Penitentiary by authority of judgment and sentence imposed in the District Court of Oklahoma County, Oklahoma, Case No. 30306, sentencing him, on a plea of guilty, to life imprisonment for the crime of murder. Essentially, it is petitioner's contention that he did not freely, voluntarily, and intelligently enter a plea of guilty and that he was denied the right to appeal his conviction.

In view of the allegations and at the request of the Attorney General, this Court ordered the District Court of Oklahoma County to conduct an evidentiary hearing. Said hearing was conducted on April 29, 1969, before the Honorable A. P. Van Meter, District Judge, with petitioner present and represented by counsel, Mr. Leo Thompson, and the State represented by

Mr. D. K. Cunningham, Assistant District Attorney. Testimony was taken from Mr. Clyde J. Watts, who represented petitioner at his sentencing, and from the petitioner. The prosecuting attorney at the sentencing, Mr. James Harrod, was present but did not testify. Also admitted in evidence was a transcript of the proceedings of petitioner's sentencing by Judge Van Meter on December 28, 1964.

The record indicates that petitioner was charged by preliminary information filed on August 3, 1964, charging him with the crime of murder and that on that same date, petitioner entered a plea of not guilty, with bond denied. Preliminary hearing was waived and the petitioner was bound over to the District Court without bond for trial. On December 11, 1964, defendant was arraigned and entered a plea of not guilty and was denied bond. It appears on December 23, 1964, petitioner's counsel, Mr. Ned Looney, entered a plea of guilty for the petitioner who was not personally before the court. Sentencing was deferred until December 28, 1964, when the petitioner came before the court, along with his counsel at that time, Mr. Clyde Watts. After much discussion concerning the petitioner's need for medical and psychiatric attention, the court sentenced petitioner to life imprisonment.

Title 22, O.S.1961, § 514, provides:

"Every plea must be oral and must be entered upon the minutes of the court."

Title 22, O.S.1961, § 516, provides:

"A plea of guilty can in no case be put in, except by the defendant himself, in open court, unless upon an indictment or information against a corporation, in which case it may be put in by counsel."

This Court has held that the plea of guilty must be entered by the defendant himself, after which the trial court has the duty to further explain to the defendant his constitutional and statutory rights and to determine if the defendant knows the consequences of his plea and if he is competent to enter such plea. Day v. Page, Okl.Cr., 436 P.2d 59 (1968). A plea of guilty

should not be entered or accepted until the court has fully advised the defendant of his rights and the consequences of his plea. Hardzog v. State, 49 Okl.Cr. 244, 293 P. 1107 (1930). Application of Kinnison, Okl.Cr., 335 P.2d 645 (1959). This Court has further held that where a defendant did not accompany his counsel before the court and was not personally present when a plea of guilty was entered, the conviction would be set aside. Quick, v. State, 75 Okl.Cr. 243, 130 P.2d 102 (1942). Under our statutes, where the defendant himself does not orally enter his plea in open court, the court is without jurisdiction to impose judgment and sentence, and any judgment and sentence imposed without this prerequisite constitutes a nullity.

■ In the instant case, both the transcript of the evidentiary hearing and the transcript of petitioner's sentencing indicates that the trial court did not advise the petitioner of his right to a jury trial, or the effects of his plea, or that the only sentences possible were life imprisonment or death. At the evidentiary hearing, petitioner's counsel, Mr. Watts, testified that the plea of guilty "was perhaps more my decision than it was his." The petitioner testified that he did not know what Mr. Watts was doing, nor did he understand the proceeding at his sentencing or its effect. Furthermore, the record is clear that neither the trial court nor petitioner's counsel, by his own admission, advised the petitioner of his right to appeal the conviction if he so desired.

In view of the record, we must conclude that the petitioner did not freely, voluntarily, and understandingly enter a plea of guilty for the reason that he was not fully advised of his rights or the effect of his plea, that petitioner did not personally withdraw his plea of not guilty and enter a plea of guilty on December 23, 1964; that before he was sentenced the trial court did not advise him of his rights; and that he was not advised of his right to appeal his conviction.

We are, therefore, compelled to set aside the judgment and sentence imposed in the District Court of Oklahoma County, Case No. 30306, on December 28, 1964, by granting the writ of habeas corpus and releasing the petitioner to the District Court of Oklahoma County for further proceedings consistent herewith.

Writ granted.